555 A.2d 1344

**COMMONWEALTH of Pennsylvania**

v.

**Francis Ordean REESE, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 1, 1989.

Filed March 1, 1989.

Reargument Denied April 5, 1989.

Petition for Allowance of Appeal Denied Sept. 1, 1989.

Barbara J. Entwistle, Gettysburg, for appellant.

Roy A. Keefer, Assistant District Attorney, Gettysburg, for Com., appellee.

Before TAMILIA, POPOVICH and JOHNSON, JJ.

TAMILIA, Judge:

This is an appeal from the trial court's Order dismissing appellant's Post Conviction Hearing Act (PCHA) petition which was filed on February 23, 1987.[1]

Appellant was tried by a jury and convicted on April 26, 1977 of rape, burglary, indecent assault and simple assault. His sole defense was offered through two alibi witnesses, but, according to appellant, his appointed counsel failed to request a specific jury instruction on the alibi defense.

1. The Post Conviction Hearing Act has been modified in part, repealed in part, and renamed the Post Conviction Relief Act by Act of April 13, 1988, No. 47, §§ 3, 4, 1988 Pa.Legis.Srv. 227, 229–232. The new provision applies to all actions for collateral relief instituted on or after the effective date, therefore, the instant petition must be evaluated under the former act.

Counsel also failed to object to a concealment instruction even though no evidence was in the record to show appellant knew of the offense or that he was to be arrested for it.

Appellant was sentenced to a term of imprisonment of two to ten years for the burglary, concurrent with an equal sentence for the rape; indecent and simple assault merged with rape for sentencing purposes. This Court upheld, without Opinion, appellant's judgment of sentence in *Commonwealth v. Reese*, 270 Pa.Super. 607, 417 A.2d 773 (1979).

On November 12, 1979, appellant filed a pro se PCHA petition and the court subsequently appointed counsel to represent him. Counsel did not revise or supplement the petition but did represent appellant at the hearing. The petition was denied and appellant filed a second pro se petition on July 26, 1984. Again, counsel was appointed and this time counsel amended the petition to include the allegation appellant was denied his appellate rights under the first PCHA petition because he never received notice of the decision which was made on May 21, 1982. Following a hearing, the PCHA court denied the second petition as to new allegations contained therein but granted appellant leave to appeal nunc pro tunc the Order dismissing the first petition.

This Court filed a Memorandum Opinion on December 6, 1985 disposing of appellant's two issues raised in his first petition concerning ineffectiveness of trial counsel for failure to call certain witnesses. We affirmed the Order of the PCHA court and appellant, for the third time, filed a PCHA petition on February 23, 1987, the denial of which is the subject of the instant appeal.

Newly appointed counsel supplemented appellant's third petition and at a pre-trial conference, the court concluded only four issues had not been finally litigated and merited review. By Order of July 27, 1988, the court dismissed appellant's petition after a hearing on the matter.

The statute governing appellant's request for relief is former 42 Pa.C.S. § 9543 which lists four factors appellant

must prove before becoming eligible for relief. Before we can address appellant's issues, we must determine the threshold issue of whether appellant's repetitive PCHA petitions have precluded our review under part (4) of section 9543 which states appellant is not entitled to relief if the error resulting in his conviction and sentence has been finally litigated or waived. Former section 9544 provides definition to our analysis.

§ 9544. When an issue is finally litigated or waived

(a) Issues finally litigated.—For the purpose of this subchapter, an issue is finally litigated if:

(1) It has been raised in the trial court, the trial court has ruled on the merits of the issue and the petitioner has knowingly and understandingly failed to appeal the trial court's ruling.

(2) The Superior Court has ruled on the merits of the issue and the petitioner has knowingly and understandingly failed to avail himself of further appeals.

(3) The Supreme Court has ruled on the merits of the issue.

(b) Issues waived.—*For the purposes of this subchapter, an issue is waived if:*

(1) *The petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted or in a prior proceeding actually initiated under this subchapter.*

(2) *The petitioner is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issue.*

(c) Presumption.—There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure.

42 Pa.C.S. § 9544(a), (b), (c). (Emphasis added.)

Appellant argues his issues are not waived because his "layered" ineffective assistance of counsel claim constitutes

"extraordinary circumstances" which preserves his issues for our review. Prior decisions of our Supreme Court have held or acknowledged that ineffectiveness of all prior counsel constitutes extraordinary circumstances which, when raised, preserves the issues for consideration. *See Commonwealth v. Alexander*, 495 Pa. 26, 432 A.2d 182 (1981); *Commonwealth v. Watlington*, 491 Pa. 241, 420 A.2d 431 (1980). However, the recent case of *Commonwealth v. Lawson*, 519 Pa. 504, 549 A.2d 107 (1988), resolves the problem of repetitive PCHA petitions which result from a lack of finality of decisions under the PCHA where all a defendant must do is claim "ineffectiveness of counsel."

In *Lawson*, the Court found it necessary to sua sponte address the problem of repetitive PCHA petitions which were emasculating the legislative intent to obtain finality in criminal verdicts. The Court enunciated a standard whereby convicted persons are provided ample opportunity to assert valid, legitimate complaints of error while, at the same time, abuse of the court system by prisoners is foreclosed.

Today we have reached a consensus which proved so elusive in *Commonwealth v. Alexander, supra,* and *Commonwealth v. Watlington, supra.* This accommodation has been reached by the realization that we cannot permit our continuing concern for assuring that persons charged with crime receive competent representation in their defense to be exploited as a ploy to destroy the finality of judgments fairly reached. We therefore conclude that a second or any subsequent post-conviction request for relief will not be entertained unless a strong *prima facie* showing is offered to demonstrate that a miscarriage of justice may have occurred.

. . . .

We hold today that the mere assertion of ineffective assistance of counsel is not sufficient to override the waiver and "finally litigated" provisions in the P.C.H.A., as to permit the filing of repetitive or serial petitions

under the banner of that statute.[12] A repetitive or serial petition may be entertained only for the purpose of avoiding a demonstrated miscarriage of justice, which no civilized society can tolerate.

[12] The new provisions enacted by the General Assembly in the Act of April 13, 1988, clearly reflect a legislative perception that courts had been too generous in entertaining claims for relief under the former statute. For example, under the new 42 Pa.C.S. § 9543(a)(2)(ii), a petitioner seeking relief on a claim of ineffective assistance of counsel must plead and prove that counsel's stewardship "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place."

*Id.*, 519 Pa. at 513, 549 A.2d at 111–112.

Appellant's original judgment of sentence was affirmed by this Court. Subsequently, appellant filed three PCHA petitions and had new counsel appointed with each petition. Denial of his first petition was reviewed by this Court and we affirmed the PCHA court. We find appellant has had ample opportunity to assert any legitimate claims, has exhausted his collateral remedies and is currently abusing the judicial system by continuing to file petitions, all under the guise of "ineffectiveness of counsel" which, up until now, has provided sufficient basis to warrant judicial review. Since appellant has not made a *prima facie* showing of a miscarriage of justice, we affirm the Order dismissing his petition.

Order affirmed.