615 A.2d 796

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Anthony Victor REPACI.**

Superior Court of Pennsylvania.

Submitted Aug. 17, 1992.

Filed Nov. 6, 1992.

Kenneth A. Osokow, Asst. Dist. Atty., Williamsport, for Com., appellant.

Michael J. Rudinski, Williamsport, for appellee.

Before ROWLEY, President Judge, and JOHNSON and BROSKY, JJ.

ROWLEY, President Judge.

The Commonwealth appeals from the order granting appellee/defendant, Anthony Victor Repaci, who was convicted of criminal trespass, a new trial pursuant to his petition for relief under the Post Conviction Relief Act, 42 Pa.C.S.A. § 9541 *et seq.* ("PCRA"). In his PCRA petition, appellee alleged the ineffective assistance of trial counsel as a basis for relief, premised on counsel's failure to request an alibi instruction. In granting appellee a new trial, the trial court agreed with his allegation that an alibi had been presented and that counsel's subsequent failure to request the instruction "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." [1] Having reviewed the record, we disagree with the trial court's conclusion re-

1. 42 Pa.C.S.A. § 9543(a)(2)(ii).

garding the presentation of an alibi which would have necessitated an alibi instruction. Therefore, we reverse the order granting appellee a new trial.

■ When a claimant seeks relief under the Post Conviction Relief Act, the trial court can grant a new trial if it finds i) ineffective assistance of counsel; ii) which so undermined the truth-determining process that no reliable adjudication of guilt or innocence was possible. 42 Pa.C.S.A. § 9543(a)(2)(ii). We will affirm a trial court's finding of ineffective counsel if i) petitioner's claim regarding the inappropriateness of counsel's action or inaction has arguable merit; ii) counsel had no reasonable basis for his action or inaction; and iii) petitioner was so prejudiced by counsel's action or inaction that he was denied a fair trial. *Commonwealth v. Rollins*, 525 Pa. 335, 344, 580 A.2d 744, 748 (1990).

The Commonwealth argues that appellee's claim lacks arguable merit and therefore trial counsel was not ineffective. Appellee claims he presented an alibi which consequently entitled him to an alibi instruction. He further concludes that his counsel's failure to request an alibi instruction was an error warranting a new trial. If appellee were correct in his claim that he presented an alibi at trial, his conclusions would also be correct. *Commonwealth v. Weinder*, 395 Pa.Super. 608, 618 & 623–28, 577 A.2d 1364, 1370 & 1372–75 (1990) (presentation of alibi entitles defendant to alibi instruction; verdict in absence of instruction undermines truth-determining process, warranting new trial under PCRA). But because we find that he did not present evidence of an alibi defense, his claim of entitlement to an alibi instruction has no arguable merit.

Appellee sought to establish as his alibi that although he was not at home, he was in a local sandwich and pizza shop, "Doreen's Pizza & Subs" [hereinafter "sub shop"], at the time the criminal trespass occurred at a woodworking plant. Appellee's home is six miles from the woodworking plant (N.T. at 45), and between one mile and "ten minutes" from the sub shop (N.T. at 65–66, 84, 88).

The record shows that the crime occurred at 10:06 p.m. Appellee did not testify; however, his wife testified that police officers arrived at their home between 10 p.m. and 11 p.m. and that appellee had left home "not too long," "maybe ten, fifteen minutes" before the police arrived. She then testified that her husband returned home after the police had questioned her, and that he had not been gone "very long." Her speculative testimony clearly does not provide Appellee with an alibi.

The primary alibi witness for the defense, Mr. Raymond Falls, worked in the sub shop. He was the only witness who attempted to place Appellee at the sub shop. That evening, Mr. Falls worked in the sub shop from 10 p.m. until 12:30 a.m. He was unable to testify as to the time when appellee might have been in the shop, nor could he state how long appellee might have remained there. (N.T. at 68, 69). He testified, however, that he could not "say definitely" whether appellee had been in the shop on the evening of the crime at 10:06 p.m. His testimony was:

Q. But you don't know whether [appellee] was in the sub shop?

A. I can't say definitely. I think he was, but, you know, as far as that goes, you know.

Q. As far as goes what?

A. Well, I don't—I can't say for sure, you know. I think—I think he was, but then again I can't state definitely he was.

(N.T. at 68). This testimony also falls short of that which is required to warrant an alibi charge.

■ "Alibi is 'a defense that places the defendant at the relevant time in a different place than the scene involved and so removed therefrom as to render it impossible for him to be the guilty party.'" *Commonwealth v. Roxberry*, 529 Pa. 160, 163, 602 A.2d 826, 827 (1992) (citations omitted). If the defendant presents evidence which covers the time period when the crime was committed and which puts him at a different location than that of the crime scene, he has presented an alibi. *See Commonwealth v. Jones*, 529 Pa. 149, 150–54, 602 A.2d 820, 821–22 (1992) (acknowledging alibi charge to

jury as accurately stating the law: "whether the testimony given covers the entire time the offense is shown to have been committed and whether it precludes the possibility of defendant's presence at the scene"). The evidence presented, taken as true, must make it impossible for defendant to have committed the crime. *Id.,* 529 Pa. at 152–54, 602 A.2d at 822 (alibi evidence considered "totally apart from its credibility").

■ Our review of the record discloses that the testimony of appellee's witnesses does not establish an alibi for the time or place of the crime. Their testimony did not necessarily put appellee at a different location than that of the crime scene, nor did it necessarily cover the time period during which the crime was committed. The trial court construed the facts related by Mrs. Repaci and Mr. Falls as follows:

> [Appellee's] wife testified that [appellee] was at home with the exception of the short time he left to go uptown to get "munchies." The wife's testimony placed the [appellee] outside the home for only about one-half hour. Mr. Falls' testimony placed the [appellee] in Doreen's Sub Shop for about one-half hour, giving the inference that during the time the [appellee] was not in his residence, he was at Doreen's Sub Shop.

(Trial Opinion at 2–3). It is extremely unclear whether the wife's testimony could be construed to place appellee out of his home for one-half hour, but even if this were possible, Mr. Falls' testimony does not "place" appellee in the sub shop at 10:06 p.m.

■ Evaluation of evidence for an alibi requires a court to take all pertinent testimony as true. It does not however require us to treat testimony, which is offered with uncertainty, as if it were certain. If Mr. Falls had testified that he *had* seen appellee in the sub shop between 10 p.m. and 10:30 p.m., it would be the trial court's and our responsibility to view that evidence as if it were true, in order to determine if that version of the facts would preclude the possibility that appellee was the guilty party. But, if we are to take Mr. Falls' *actual* testimony as true, then we must believe that Mr. Falls was uncertain whether appellee was in the sub shop, for that

is what he testified to. Such testimony does not preclude the possibility that appellee was the perpetrator. Furthermore, as the Commonwealth notes, the trial court itself stated that "[by appellee's] own witness' testimony, [appellee] could have been at the scene of the crime at 10:06 p.m." Trial Opinion at 1.

The trial court states that the "impossibility" requirement for an alibi does not need to be strictly construed, citing two cases in support of its proposition. First, the court cites *Commonwealth v. Pounds,* 490 Pa. 621, 417 A.2d 597 (1980), in which the victim was killed between 6 a.m. and 7 a.m. and the defendant testified that he had slept in his car one mile from the crime scene, then drove to his mother's home, thereby accounting for his time until 8 a.m. Second, the court cites *Commonwealth v. Roxberry, supra,* in which a woman was raped between 11 p.m. and 1 a.m. and the defendant testified that he had been at a bar less than one-half mile from the crime scene from 8 p.m. until 1 a.m. In the cases the trial court cites, the defendants were clearly entitled to alibi instructions.

In both cases, the facts pertinent to the alibi defense, if taken as true, would necessarily preclude the possibility that the defendants were the guilty parties. The defendants definitely placed themselves at different locations than the respective crime scenes during time periods which covered the hours when the crimes were committed. In this respect, the courts strictly construed the "impossibility" requirement, giving no leeway for speculative allegations of times and locations.

The liberal construction of "impossibility" which the trial court claims *Pounds* and *Roxberry* stand for, is applicable to a different issue, that of geographic impossibility. For example, in *Roxberry,* the Commonwealth argued that even though the defendant testified that he had been at a bar less than one-half mile from the crime scene at the time the crime was committed, it would not have been impossible for him to have left the bar, committed the crime, and returned to the bar. Our Supreme Court responded to that argument:

> The Commonwealth asks us to create a requirement that an alibi defense must allege a certain minimum distance from

the scene of the crime, and to hold that four blocks, or one-half mile is not enough.... Judge Popovich, dissenting below, wrote: ... he could have easily left the bar, robbed, raped and released the victim before 12:45 a.m., and then returned to the bar prior to its 1:00 a.m. closing time.... [We hold that t]here is no minimum or threshold quantum of physical separation necessary for a defense to constitute an alibi, so long as the separation makes it impossible for the defendant to have committed the crime.

*Roxberry,* 529 Pa. at 164, 602 A.2d at 827–28. The liberal construction of geographic impossibility is not applicable here.

Accordingly, because evidence was not presented that, even if believed, would have precluded the possibility that appellee was the guilty party, the trial court erred in finding that trial counsel was ineffective for failing to request an alibi instruction. Appellee Repaci's claim that an alibi instruction was necessary has no arguable merit, and trial counsel cannot be found to have been ineffective on this basis. For this reason, appellee Repaci's petition for post conviction relief in the form of a new trial was improperly granted.

Order reversed. Case remanded for sentencing. Jurisdiction relinquished.