646 A.2d 1211
**COMMONWEALTH of Pennsylvania**

v.

**Rufus POINDEXTER, Appellant.**

Superior Court of Pennsylvania.

Submitted June 27, 1994.

Filed Aug. 25, 1994.

512

514

Robert M. Barrett, Pittsburgh, for appellant.

Sandra Preuhs, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

Before McEWEN, CIRILLO and CERCONE, JJ.

CIRILLO, Judge:

This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Allegheny County. We affirm.

A jury found defendant Rufus Poindexter guilty of one count of rape, two counts of involuntary deviate sexual intercourse, one count of statutory rape, and one count of corruption of minors. Poindexter filed post-trial motions for a new trial and an arrest of judgment. New counsel, Robert M. Barrett, was then secured and an additional motion for a new trial was filed.

The Honorable Walter R. Little denied Poindexter's post-trial motions on August 16, 1993. Poindexter was immediately sentenced as follows: on the rape conviction, not less than five nor more than fifteen years incarceration; on the involuntary deviate sexual intercourse conviction, not less than five nor more than fifteen years incarceration, concurrent with that imposed on the rape conviction; on the corruption of minors conviction, incarceration of not less than one nor more than five years, to run consecutive to the sentence imposed on the rape conviction; and on the second involuntary deviate sexual intercourse conviction, not less than five nor more than fifteen

years of imprisonment, concurrent with that imposed on the rape conviction. A finding of guilt with no further penalty was entered with respect to the statutory rape conviction.

After sentencing, Poindexter timely filed a notice of appeal from the judgment of sentence. Poindexter presents the following issues for our review:

(1) Whether the evidence of record was insufficient to sustain the verdicts rendered?

(2) Whether trial counsel was ineffective for failing to call witnesses, failing to take the time necessary to adequately prepare, and for losing a copy of a letter which the victim's mother had given Poindexter?

(3) Whether the trial court erred in failing to grant a request for an alibi charge?

It is well established that in evaluating a challenge to the sufficiency of the evidence, we must determine whether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, together with all reasonable inferences therefrom, the trier of fact could have found that each and every element of the crimes charged was established beyond a reasonable doubt. *Commonwealth v. Jarman*, 529 Pa. 92, 94–95, 601 A.2d 1229, 1230 (1992); *Commonwealth v. Swann*, 431 Pa.Super. 125, 128–29, 635 A.2d 1103, 1105 (1994). "This standard is equally applicable to cases where the evidence links the accused to the crime beyond a reasonable doubt." *Commonwealth v. Swerdlow*, 431 Pa.Super. 453, 458–60, 636 A.2d 1173, 1176 (1994) (citing *Commonwealth v. Hardcastle*, 519 Pa. 236, 246, 546 A.2d 1101, 1105 (1988)). Furthermore, it matters not whether the appellant finds a witness's testimony lacking in credibility; such matters are solely within the province of the jury as trier of fact and, as such, will not be assailed on review by this court. *Id.*

Poindexter was found guilty of rape, involuntary deviate sexual intercourse, statutory rape, and corruption of minors. The definition of the offense of rape is set forth in 18 Pa.C.S.A. § 3121. In part, section 3121 states:

A person commits a felony of the first degree when he engages in sexual intercourse with another person not his spouse:

(1) by forcible compulsion;

(2) by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution; [or]

\* \* \* \* \* \*

(4) who is so mentally deranged or deficient that SUCH PERSON IS INCAPABLE OF CONSENT.

18 Pa.C.S.A. § 3121 (emphasis added). One of the requirements for rape is "penetration, however slight." 18 Pa.C.S.A. § 3101 (Purdon's Supp.1992). There is no requirement, however, that penetration reach the vagina. *Commonwealth v. Trimble,* 419 Pa.Super. 108, 112, 615 A.2d 48, 50 (1992) (citing *Commonwealth v. McIlvaine,* 385 Pa.Super. 38, 47, 560 A.2d 155, 159 (1989)). As to the charges of rape, involuntary deviate sexual intercourse, and statutory rape, the Crimes Code provides that testimony of a victim need not be corroborated. 18 Pa.C.S.A. § 3106. In *Commonwealth v. Gabrielson,* 370 Pa.Super. 271, 536 A.2d 401 (1988), this court held that the uncorroborated testimony of a rape victim, if believed by the jury, is sufficient to support a rape conviction and no medical testimony is needed to corroborate a victim's testimony if the testimony was rendered credible by the jury. *See also Trimble, supra* (where a five-year-old victim's testimony that defendant placed his "weiner," penis, in her "tooter," vaginal area, established penetration and supported the rape conviction); *see also Commonwealth v. Kunkle,* 424 Pa.Super. 499, 503, 623 A.2d 336, 338 (1993) (holding that uncorroborated testimony of the sex offense victim may be sufficient to establish the guilt of the accused); *Commonwealth v. Cody,* 401 Pa.Super. 85, 584 A.2d 992 (1991) (holding that sex offense victim's testimony alone provided sufficient evidence to establish defendant's guilt of involuntary deviate sexual intercourse, indecent assault, and corruption of minors beyond a reasonable doubt); *Commonwealth v. White,* 341 Pa.Super. 261, 272, 491 A.2d 252, 258 (1985); *Commonwealth v. Stoner,* 284 Pa.Super. 364, 425 A.2d 1145 (1981) (holding that the uncor-

roborated testimony of a 12–year–old victim was sufficient to establish defendant's guilt in a prosecution for statutory rape, involuntary deviate sexual intercourse, and corrupting morals of a minor).

In the case at hand, the victim, age 8, testified that on December 27, 1992, Poindexter made her suck his "private part" and inserted his "private part" in her "private part" and in her "butt." Mary Currasco, M.D., a qualified expert on child abuse matters, testified that her findings were consistent with repeated penetration and ongoing sexual abuse.

■ Next, sufficient evidence exists to support a finding of compulsion or a threat of forcible compulsion that would prevent resistance by a person of reasonable resolution. 18 Pa.C.S.A. § 3121. The threat of forcible compulsion, in this case, came from the victim's testimony that Poindexter threatened to whip the victim if the victim told anyone of the incidents. This evidence, when viewed in the light most favorable to the Commonwealth as verdict winner, is clearly sufficient to sustain Poindexter's conviction of rape.

■ Notwithstanding a finding of compulsion or a threat of forcible compulsion, we find that the evidence is sufficient to demonstrate beyond a reasonable doubt that Poindexter engaged in sexual intercourse with a person—an eight year old child—who was "so mentally ... deficient that such person [was] incapable of consent." 18 Pa.C.S.A. § 3121(4). Common sense and human experience tells us that a child of such tender years cannot and should not be expected to know and/or appreciate the nature and implications of adult sexual relations. *See Commonwealth v. Rhodes*, 510 Pa. 537, 510 A.2d 1217 (1986) (holding that an eight year old child was so mentally deficient as a matter of law that she was incapable of consenting to sexual intercourse, an act whose nature she could neither appreciate nor comprehend).

■ Poindexter was found guilty of two counts of involuntary deviate sexual intercourse. Under 18 Pa.C.S.A. § 3123, the offense of involuntary deviate sexual intercourse is defined as follows:

A person commits a felony of the first degree when he engages in deviate sexual intercourse with another person:

\* \* \* \* \* \*

(5) who is less than 16 years of age.

18 Pa.C.S.A. § 3123. The crime of involuntary deviate sexual intercourse occurs when the actor, by physical compulsion or threats thereof, coerces the victim to engage in acts of anal and/or oral intercourse. *Commonwealth v. Troy*, 381 Pa.Super. 326, 553 A.2d 992 (1989), *appeal denied*, 525 Pa. 626, 578 A.2d 413 (1990). The penetration requirement for involuntary deviate sexual intercourse is also "penetration, however slight." 18 Pa.C.S.A. § 3101 (Purdon's Supp.1992).

■ Here, the victim testified that on two separate occasions, December 25, 1992 and December 27, 1992, Poindexter made her suck his "private part." Poindexter also threatened to whip her if the victim told anyone about the incident. This, along with the fact that the victim is eight years old, constitutes involuntary deviate sexual intercourse. Reviewing this evidence in the light most favorable to the Commonwealth, as verdict winner, it is clear that the evidence is sufficient to affirm Poindexter's two convictions of involuntary deviate sexual intercourse.

Next, the definition of the offense of statutory rape is set forth in 18 Pa.C.S.A. § 3122:

A person who is 18 years of age or older commits statutory rape, a felony of the first degree, when he engages in sexual intercourse with another person not his spouse who is less than 14 years of age.

18 Pa.C.S.A. § 3122.

■ We have already found that the evidence presented supports convictions for rape and involuntary deviate sexual intercourse. Considering this, along with the fact that the victim was under the age of 14 and the defendant was over the age of 18 at the time of the incident, it is clear the evidence is sufficient to support Poindexter's conviction for statutory rape.

■ Finally, the offense of corruption of minors is defined in 18 Pa.C.S.A. § 6301 as follows:

Whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age . . . is guilty of a misdemeanor of the first degree.

18 Pa.C.S.A. § 6301. As to this offense, we find that the victim's testimony establishes sufficient evidence to sustain Poindexter's conviction. Since we have found the evidence sufficient to support convictions for rape, involuntary deviate sexual intercourse, and statutory rape, there clearly is sufficient evidence present that reveals that Poindexter performed a multitude of acts that would corrupt a minor.

Next, Poindexter argues that trial counsel, Ira C. Houck, was ineffective in failing to subpoena and call witnesses at the time of trial, failing to take the time necessary to adequately prepare by interviewing Poindexter and identify witnesses, and losing a copy of a letter which the victim's mother had given Poindexter.

■ In evaluating a claim of ineffective assistance of counsel, our standard of review is well settled. We presume that trial counsel is effective and place on the defendant the burden of proving otherwise. *Commonwealth v. Williams*, 524 Pa. 218, 230, 570 A.2d 75, 81 (1990). We are first required to determine whether the issue underlying the claim is of arguable merit. *Commonwealth v. Johnson*, 527 Pa. 118, 122, 588 A.2d 1303, 1305 (1991). If the claim is without merit our inquiry ends, because counsel will not be deemed ineffective for failing to pursue an issue which is without basis. *Id.* If, however, the claim has merit, the defendant still must establish that the course of action chosen by his or her counsel had no reasonable basis designed to effectuate the client's interests. *Id.* Finally, the defendant must show that counsel's ineffectiveness so prejudiced his or her case that he or she was denied a fair trial. *Commonwealth v. Pierce*, 515 Pa. 153, 159–60, 527 A.2d 973, 975–76 (1987).

■ To establish a claim that counsel was ineffective for failing to investigate or call witnesses, appellant must establish four essential points of information. First, he must identify the alleged witnesses. Second, he must demonstrate that defense counsel knew of the existence of those witnesses prior to the time of trial. Third, he must demonstrate the witnesses would have provided material evidence at the time of the trial. Fourth, the appellant must establish the manner in which the witnesses would have been helpful to his or her case. *Commonwealth v. Mason,* 427 Pa.Super. 243, 259, 628 A.2d 1141, 1149, 1150 (1993) (citing *Commonwealth v. Weinder,* 395 Pa.Super. 608, 577 A.2d 1364 (1990)).

Poindexter contends that he gave his counsel a list of names of people who would testify on his behalf. These names included Charles Bishop Majors, Richard Poindexter, his brother, Dorothy Trent, Delores LaSane, Thomas Hall, and Henry Poindexter. Poindexter claims that counsel failed to interview these witnesses.

■ Concerning Dorothy Trent, Delores La Sane, Thomas Hall, and Henry Poindexter, counsel cannot be found to be ineffective for failing to call them as witnesses. In order to prove that counsel was ineffective for failing to investigate or call witnesses, the appellant must not only set forth the names and whereabouts of the witnesses, he must also show that trial counsel knew of the existence of the witness who allegedly should have been called. *Mason,* 427 Pa.Super. at 259, 628 A.2d at 1150. The record states that these particular names were first revealed to counsel at the post-trial hearing. As a result, Poindexter has provided no evidence counsel was aware of these additional witnesses or that they were available to testify. He has failed to satisfy the first two requirements set forth in *Mason, supra.* This claim is, therefore, meritless.

■ As to the remaining witnesses, the record indicates that counsel interviewed Richard Poindexter and determined that he would not be a viable witness, because he was unable to establish an alibi for the late afternoon hours in which the

offense was alleged to have occurred. Due to this determination by trial counsel, Richard was not called as a witness.

Our Supreme Court has held that the failure to call a witness is not *per se* ineffective assistance of counsel. *Commonwealth v. Smallwood*, 497 Pa. 476, 442 A.2d 222 (1982). The decision whether to call a witness generally involves a matter of trial strategy. *Commonwealth v. Davis*. 381 Pa.Super. 483, 554 A.2d 104 (1989). "Strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland v. Washington*, 466 U.S. 668, 688, 690–91, 104 S.Ct. 2052, 2064–65, 2066, 80 L.Ed.2d 674 (1984). The failure to call a possible witness will not be equated with a conclusion of ineffectiveness, absent some positive demonstration that the testimony would have been helpful to the defense. *Commonwealth v. Davis*, 381 Pa.Super. at 496, 554 A.2d at 111 (citing *Commonwealth v. Bulard*, 305 Pa.Super. 502, 451 A.2d 760 (1982)).

In the case at hand, Poindexter has failed to demonstrate that his brother's testimony would have been helpful to the defense. Furthermore, Poindexter's claim concerning this witness has failed the third and fourth requirements set forth in *Mason, supra.* He failed to demonstrate that the witness would have provided material evidence at the time of the trial and the manner in which the witness would have been helpful to his case. *Mason*, 427 Pa.Super. at 259, 628 A.2d at 1150. This claim, therefore, is also without merit.

Poindexter next claims that counsel was ineffective for not calling Charles B. Major as a witness after Poindexter had identified him to his counsel. With respect to Mr. Major, he was subpoenaed, but he failed to appear for trial. As a consequence, the record is devoid of proof of the substance of his evidence. *Commonwealth v. Hentosh*, 520 Pa. 325, 334, 554 A.2d 20, 25 (1989). We, therefore, are unable to determine whether his testimony would have been favorable. *Id.* Poindexter has failed to sustain his burden of demonstrating that counsel was ineffective. This claim, therefore, is without merit.

Poindexter next claims that trial counsel was ineffective in failing to take the time necessary to adequately prepare for trial. He claims his trial counsel only spoke with him once by telephone and met with him on one occasion for approximately ten minutes prior to the start of trial.

 The Pennsylvania Supreme Court, in *Commonwealth v. Bundy*, 491 Pa. 607, 608, 421 A.2d 1050, 1051 (1980), held that the time devoted to attorney-client consultations affords no basis for inferring the total extent of trial preparation. Furthermore, failure to conduct a more intensive investigation, in the absence of any indication that such investigation would develop more than was already known, simply does not constitute ineffective assistance of counsel. *Commonwealth v. Wallace*, 495 Pa. 295, 298, 433 A.2d 856, 858 (1981) (citing *Commonwealth v. Ford*, 491 Pa. 586, 592, 421 A.2d 1040, 1043 (1980)); *Commonwealth v. Fierst*, 423 Pa.Super. 232, 248, 620 A.2d 1196, 1205 (1993).

 Contrary to Poindexter's assertions, the record indicates that counsel talked with Poindexter on several occasions. Four of these instances, May 21, May 24, June 4, and June 8, all in 1993, were specifically geared for case preparation. These, however, were not the only times that trial counsel had spoken with Poindexter. Trial counsel, by way of testimony, also indicated that he investigated witnesses and discussed certain trial strategy with such witnesses. The record reveals that trial counsel was adequately prepared for trial. We conclude, therefore, that Poindexter's ineffectiveness claim is meritless.

 Poindexter's final ineffective assistance of counsel claim concerns the loss of a copy of a letter which the victim's mother, Barbara Ramsey, had given to Poindexter. Poindexter claims that his trial counsel lost the written statement that Barbara Ramsey wrote to Poindexter stating that she loved Poindexter and that she knew that Poindexter did not touch her daughter.

At the post-trial hearing, Counsel testified that he was never aware of a letter written to Poindexter by the victim's

mother, Barbara Ramsey. Furthermore, trial counsel and Poindexter testified that they did not discuss the written statement or what Poindexter expected Ms. Ramsey's testimony to be prior to trial. Poindexter failed to indicate to his trial counsel, at any point during trial, that he should call Ms. Ramsey as a witness to testify as to the alleged written statement even though Ms. Ramsey was listed as a witness for the Commonwealth. Counsel cannot be held ineffective for allegedly losing a note that he did not receive. Moreover, because Ms. Ramsey did not testify at trial, counsel would not have been able to introduce the note into evidence, if it existed, on hearsay grounds. There is no basis to find Poindexter's counsel ineffective. This claim is without merit.

■ Poindexter's final contention is that the trial court erred in failing to grant his request for an alibi charge. Specifically, Poindexter claims that, despite failing to provide the prosecution with adequate notice of his intention to pursue an alibi defense, the court was nonetheless required to charge the jury with an alibi instruction, as evidence of Poindexter's alibi was introduced at trial. We disagree.

The Pennsylvania Supreme Court has defined alibi as "a defense that places the defendant at the relevant time in a different place than the scene involved and so removed therefrom as to render it impossible for him to be the guilty party." *Commonwealth v. Roxberry*, 529 Pa. 160, 163, 602 A.2d 826, 827 (1992); *see Commonwealth v. Jones*, 529 Pa. 149, 150–54, 602 A.2d 820, 821–22 (1992) (acknowledging alibi charge to jury as accurately stating the law: "whether the testimony given covers the entire time the offense is shown to have been committed and whether it precludes the possibility of defendant's presence at the scene."); *Commonwealth v. Pounds*, 490 Pa. 621, 631, 417 A.2d 597, 602 (1980) (holding that the testimony of the defendant which placed him at locations distinct from the vicinity of the crime at the time it was committed was sufficient to raise an alibi defense).

■ An alibi instruction is required if the defendant presents evidence which covers the time period when the

crime was committed and which puts him at a different location than that of the crime scene. *Commonwealth v. Repaci,* 419 Pa.Super. 591, 594–95, 615 A.2d 796, 798 (1992). It is not necessary for an alibi defense to be corroborated in order to constitute an alibi. *See Roxberry,* 529 Pa. at 165, 602 A.2d at 828; *Commonwealth v. Saunders,* 529 Pa. 140, 602 A.2d 816 (1991); *Commonwealth v. Willis,* 520 Pa. 289, 553 A.2d 959 (1989) (all requiring an alibi instruction when the alibi defense had been presented solely by the unsupported testimony of the defendant). There is no minimum or threshold quantum of physical separation necessary for a defense to constitute an alibi, so long as the separation makes it impossible for the defendant to have committed the crime. *Id.*

 It will be the duty of the trial judge to carefully instruct the jury as to the relationship of the evidence of the prosecution and the evidence of the defendant as each bears upon the essential elements of the crime charged. *Commonwealth v. Bonomo,* 396 Pa. 222, 231–232, 151 A.2d 441, 446 (1959). Where an alibi defense is presented, such an instruction is necessary due to the danger that the failure to prove the defense will be taken by the jury as a sign of the defendant's guilt. *Pounds,* 490 Pa. at 634, 417 A.2d at 603; *Willis,* 520 Pa. at 294, 553 A.2d at 962; *Commonwealth v. Gainer,* 397 Pa.Super. 348, 356, 580 A.2d 333, 337 (1990); *Commonwealth v. Fromal,* 392 Pa.Super. 100, 120, 572 A.2d 711, 721 (1990). The instruction on alibi is to emphasize that the defendant is not required to disprove any elements of the crime charged, but that the defense's evidence of alibi, even if not wholly believed, may create a reasonable doubt. *Fromal,* 392 Pa.Super. at 119, 572 A.2d at 721.

 The right to present evidence of an alibi and to receive a jury instruction therefrom, however, is not absolute. In order to obtain this right, a defendant must comply with the notice requirement set forth in Rule 305 of the Pennsylvania Rules of Criminal Procedure. Rule 305 provides that if a defendant intends to offer the defense of alibi at trial, the

defendant must file of record notice prior to trial[1] with the prosecuting attorney. Such notice must contain specific information as to the place or places where defendant claims to have been at the time of the alleged offense and the names and addresses of witnesses whom the defendant intends to call in support of such claim. Pa.R.Crim.P. 305(C)(1)(a). Furthermore, Rule 305 also provides, in part:

> If the defendant fails to file and serve notice of alibi defense as required by this rule, or omits any witness from such notice, the court at trial may exclude the testimony of any omitted witness, or may exclude entirely any evidence offered by the defendant for the purpose of proving the defense, except testimony by the defendant, or may grant a continuance to enable the Commonwealth to investigate such evidence, or may make such other order as the interests of justice require.

Pa.R.Crim.P. 305(C)(1)(d) (emphasis added). Accordingly, Rule 305 enables the trial court, when the notice requirement is not met, to take such measures as preventing an alibi witness from testifying and to deny a request for an alibi instruction. Rule 305 is "designed to enhance the search for truth in the criminal trial by insuring both the defendant and the state ample opportunity to investigate certain facts crucial to the determination of guilt or innocence." *Commonwealth v. Fernandez*, 333 Pa.Super. 279, 289, 482 A.2d 567, 572 (1984).

In *Commonwealth v. Anthony*, 376 Pa.Super. 623, 546 A.2d 1122 (1988), the defendant presented a defense of alibi. Not only did he testify to his whereabouts, but he attempted to call two other people as witnesses to corroborate his story. *Id.* at 627, 546 A.2d at 1124. The defendant, in that case, failed to give adequate notice of his defense until the day of the trial. The court prohibited the alibi witness from testifying, concluding that the defendant failed to give adequate notice of his intent to present a defense of alibi, thus denying the Common-

1. Rule 305 provides that a defendant who intends to offer the defense of alibi at trial shall, at the time required for filing the omnibus pretrial motion under Rule 306, file of record notice signed by the defendant or the attorney for the defendant, with proof of service upon the attorney for the Commonwealth, specifying intention to claim such defense.

wealth the opportunity to investigate the alibi. Accordingly, because the court had the discretion to exclude that testimony under Pa.R.Crim.P. 305(C)(1)(d), we concluded that the court did not err in prohibiting the alibi witnesses from testifying. *Id. See also Commonwealth v. Zimmerman,* 391 Pa.Super. 569, 575–78, 571 A.2d 1062, 1065–67 (1992) (holding that defendant violated Rule 305, failing to timely file a notice of an alibi defense, and was properly precluded from introducing alibi evidence).

 In the case at hand, Poindexter failed to provide notice, prior to trial, of his intention to present the defense of alibi to the prosecution. Despite such failure, Poindexter elicited testimony at trial as to the incident occurring on December 25th. The record discloses that the testimony of Poindexter does not establish a defense of alibi for the crime on December 25th. The victim testified that the sexual assault occurred in Poindexter's home after 4:00 p.m. on December 25, 1992. Poindexter testified that he was out with friends all night on Christmas Eve until Christmas morning. He further stated that he was in and out of his home, 446 Rosedale, all day on the 25th, but that he returned to his home and went to sleep around 4 p.m.

Concerning the December 25th incident, Poindexter's own testimony, during trial, placed him in his home at the time the incident occurred on December 25th. Therefore, due to Poindexter's own admission that did not place him away from the scene of the crime at the relevant time, and so removed therefrom as to render it impossible for him to be the guilty party, he was not entitled to an alibi instruction with respect to the December 25th charge. *Commonwealth v. Weinder,* 395 Pa.Super. 608, 618, 577 A.2d 1364, 1370 (1990).

 As to the incident on December 27, 1992, Poindexter was more successful at establishing a potential alibi. The victim testified that her mother went to Poindexter's mother's house to bake a cake. She stated that when her mother left, Poindexter made her suck his "private part" and put his "private part" in her "private part" and in her "butt." On

December 29, 1992, the victim told Officer Billups, at Children's Hospital, that between 11 p.m. and 11:30 p.m. on the 27th, after her mother left for Poindexter's mother's house, Poindexter assaulted her.

At trial, Poindexter presented the testimony of Debra Fisher, his ex-wife. Both Poindexter and Ms. Fisher testified at trial that Poindexter, Barbara Ramsey, and Debra Fisher were at Ms. Fisher's home from approximately 10:00 or 10:30 on the evening until 12:30 or 12:45 in the morning. According to Fisher's testimony, Poindexter arrived with Barbara Ramsey at 10:00 or 10:30 in the evening to bring a birthday cake for Poindexter's son. Fisher testified that the victim was not with the couple. Ms. Fisher also stated that she was sure of the time they had left, because she was having company at 1:00 a.m. and she wanted Poindexter and Ms. Ramsey out of her home.

Poindexter stated that on the 27th of December, he was at his mother's house preparing for his son's birthday party. He said he went down to his mother's house about 7:00 p.m. Poindexter then testified that he and Barbara Ramsey left his mother's house around 9:00 p.m. and headed for Debra Fisher's house. He stated that the victim remained at his mother's home until they returned from Ms. Fisher's house at 1:00 a.m. He then gave the key to the apartment to Barbara Ramsey, and Ms. Ramsey and the victim walked to Poindexter's home. Poindexter further testified that he did not return to his home until approximately 2:00 in the morning because he stayed at his mother's and cleaned up the mess from baking the cake.

As to the crime committed on December 25th, as stated earlier, we agree with the court that Poindexter's alibi evidence did not place him away from the scene of the crime at the relevant time and he, therefore, was not entitled to an alibi instruction for that incident. However, we disagree with the court concerning Poindexter's alibi evidence for December 27th. In *Repaci, supra,* we stated that the evaluation of evidence for an alibi requires a court to take all pertinent testimony as true. *Repaci,* 419 Pa.Super. at 595, 615 A.2d at

798. It does not, however, require us to treat testimony, which is offered with uncertainty, as if it were certain. *Id.* In *Repaci*, we stated that "if the alibi witness had testified that he had seen defendant in the sub shop between 10:00 p.m. and 10:30 p.m., it would be the trial court's and our responsibility to view that evidence as if it were true, in order to determine if that version of the facts would preclude the possibility that appellee was the guilty party." *Id.*

In the instant case, Ms. Fisher testified that Poindexter was at her home from 10:00 in the evening on December 27th until around 12:30 or 12:45 the next morning. Poindexter corroborated the testimony that he was at Ms. Fisher's home from approximately 10:00 p.m. on the 27th to 12:30 or 1:00 the next morning. The victim testified and the police officers confirmed her testimony, that around 11:00 or 11:30 on the evening of the 27th, the victim was sexually assaulted.

We are required to take all pertinent testimony as true in order to determine if that version of the facts would preclude the possibility that Poindexter is the guilty party. The testimony, taken as whole, presents evidence which covers the time period when the crime was allegedly committed and which puts Poindexter at a different location than that of the crime. Such testimony constitutes evidence of alibi.

At the close of testimony, after the charge to the jury, Poindexter requested that the jury be instructed as to the defense of alibi. Judge Little summarily denied this request for an alibi instruction to the jury citing Rule 305 of the Rules of Criminal Procedure, failure to give notice of any alibi defense. Specifically, Judge Little stated in the record:

THE COURT: You never gave the Commonwealth notice of any alibi defense. You know the rules of discovery; 305, 306 and 307.

MR. HOUCK: Still request one, your Honor.

THE COURT: How can you request an alibi notice when you did not follow the rules and give the Commonwealth notice of alibi?

MR. HOUCK: My argument was that he was not present and that was his testimony.

THE COURT: But you never presented that alibi, notice of alibi testimony to the Commonwealth which you're required to do·under the rules; okay?

 We find that this ruling was entirely within the discretion and authority of the trial court. Rule 305(C)(1)(d) clearly enables the trial court to take whatever action is within the interests of justice, when no notice is properly provided as to the alibi defense. Judge Little, therefore, acted properly in denying Poindexter's request for an alibi instruction. *Zimmerman, supra; Anthony, supra.*

In the opinion written pursuant to Pa.R.A.P. 1925(a), the trial court misapprehended the facts in determining that Poindexter's testimony precluded him from receiving an alibi instruction. Poindexter's testimony, along with that of his witness, did provide an alibi. However, Poindexter failed to give notice of an alibi defense, a violation of Rule 305. On these grounds, it is clear that the court was not in error when it denied Poindexter's request for an alibi instruction. *See Commonwealth v. Harper,* 416 Pa.Super. 608, 611 A.2d 1211 (1992) (appellate court may affirm decision of trial court if there is any basis on the record to support the trial court's action).

Judgment of sentence affirmed.