675 A.2d 724

**COMMONWEALTH of Pennsylvania**

v.

**Ronald MAYS, Appellant.**

Superior Court of Pennsylvania.

Submitted March 11, 1996.

Filed April 22, 1996.

---

192

Daniel Silverman, Philadelphia, for appellant.

Peter J. Gardner, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CIRILLO, President Judge Emeritus, and DEL SOLE and HOFFMAN, JJ.

CIRILLO, President Judge Emeritus:

Ronald Mays appeals from an order of the Court of Common Pleas of Philadelphia County denying his petition under the Post Conviction Relief Act, 42 Pa.C.S.A. § 9541 *et seq.* [PCRA]. We affirm.

On October 18, 1984, a jury found Mays guilty of second-degree murder, robbery, and criminal conspiracy. Post-verdict motions were filed and denied. Mays was subsequently sentenced to life imprisonment for murder, with a concurrent term of two and one half to five years in prison for the charge of conspiracy.[1] Mays filed an appeal and a prior panel of this court affirmed his judgment of sentence.[2] Our supreme court

1. Mays' robbery conviction merged with his second-degree murder conviction for sentencing purposes.

2. *See Commonwealth v. Mays,* 361 Pa.Super. 554, 523 A.2d 357 (1987), *allocatur denied,* 516 Pa. 613, 531 A.2d 780 (1987) (our court held that: defendant failed to preserve for appeal the issue of admissibility of his codefendant's incriminating statements; any reference to the defendant's post-arrest silence was cured by a cautionary instruction; and the defendants were not entitled to instructions on "heat of passion" manslaughter or "unreasonable belief" manslaughter).

denied Mays' petition for allowance to appeal.[3]   On July 31, 1991, Mays filed a PCRA petition which the court denied without an evidentiary hearing.[4]   He now appeals from the denial of this petition.

Our court aptly stated the facts as follows:

On February 17, 1984, appellants [Mays and codefendant, Jeffrey Bland], entered the decedent's apartment in Philadelphia and demanded that the victim "give up the stuff." Mays kicked him in the chest while Bland, holding a gun, threatened to kill the victim if he moved.   After a continued struggle, Bland kicked the victim and Mays directed Bland to "just kill him."   Bland then shot the victim and both men fled.

*Commonwealth v. Mays*, 361 Pa.Super. 554, 557, 523 A.2d 357, 358 (1987).

Mays raises the following issues for our review:

(1) Did the trial court err in dismissing appellant's P.C.R.A. petition without an evidentiary hearing where counsel on direct appeal failed to raise the meritorious issue that trial counsel was ineffective for failing to request an alibi instruction when the primary defense at trial was one of alibi;  and

(2) Did the trial court err in dismissing appellant's P.C.R.A. petition without an evidentiary hearing where counsel on direct appeal failed to raise the meritorious issue that trial counsel was ineffective for failing to request a jury instruction that if appellant only intended to recover goods or

3.   In addition to the various state court proceedings, Mays also filed a federal habeas corpus petition which was denied, as was an appeal to the Third Circuit Court of Appeals.

4.   The PCRA court determined that a decision could be made from the existing record.   *See Commonwealth v. Brimage*, 398 Pa.Super. 134, 580 A.2d 877 (1990) (holding that the trial court properly dismissed a PCRA petition without a hearing, as no purpose would be served by further proceedings);  *see also* Pa.R.Crim.P. 1507 (sets forth procedure for a judge in reviewing such a motion; if judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, judge shall give notice to the parties of the intention to dismiss the motion and shall state in the notice the reasons for the dismissal).

property which he believed belonged to him, as the evidence at trial suggested, that would not constitute a robbery since the required "felonious intent" would be absent?

On appeal from the denial of PCRA relief, this court must determine whether the post-conviction court's findings were supported by the record and whether the court's order is otherwise free of legal error. *Commonwealth v. Blackwell,* 436 Pa.Super. 294, 647 A.2d 915 (1994), *allocatur denied,* 540 Pa. 576, 655 A.2d 509 (1995). The findings of the post-conviction court will not be disturbed unless they have no support in the record. *Id.*

Mays first contends that because he presented an alibi witness at trial to corroborate his alibi defense, trial counsel was ineffective in not requesting an alibi instruction for the jury. We disagree.

Our standard of review when evaluating a claim of ineffective assistance of counsel is well settled. We presume that trial counsel is effective and place on the defendant the burden of proving otherwise. *Commonwealth v. Williams,* 524 Pa. 218, 230, 570 A.2d 75, 81 (1990). We are first required to determine whether the issue underlying the claim is of arguable merit. *Commonwealth v. Johnson,* 527 Pa. 118, 122, 588 A.2d 1303, 1305 (1991). If the claim is without merit, our inquiry ends because counsel will not be deemed ineffective for failing to pursue an issue which is without basis. *Id.* Even if the underlying claim has merit, the appellant still must establish that the course of action chosen by his counsel had no reasonable basis designed to effectuate the client's interests and, finally, that the ineffectiveness prejudiced his right to a fair trial. *Id.; Commonwealth v. Pierce,* 515 Pa. 153, 527 A.2d 973 (1987).[5]

5. Our supreme court has held that newly appointed counsel or retained counsel must raise on appeal the ineffectiveness of his predecessor trial counsel or that claim will be deemed waived. *See Commonwealth v. Hubbard,* 472 Pa. 259, 276 n. 6, 372 A.2d 687, 694–95 n. 6 (1977) (citations omitted). Newly appointed counsel must raise ineffectiveness of prior counsel at the earliest stage in the proceedings at which counsel whose ineffectiveness is being challenged no longer represents

▐ Significantly, in the recent case of *Commonwealth v. Buehl,* 540 Pa. 493, 658 A.2d 771 (1995), the Pennsylvania Supreme Court announced that

> where a claim of ineffective assistance is advanced on collateral attack, the PCRA renders more stringent the prejudice requirement which must be satisfied before relief can be granted. Specifically, Section 9543 requires a defendant to prove that counsel's ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place."

*Id.* at 505, 658 A.2d at 777 (citing 42 Pa.C.S.A. § 9543(a)(2)(ii)). Additionally, "[p]rior decisions of our Supreme Court have held or acknowledged that ineffectiveness of all prior counsel constitutes extraordinary circumstances which, when raised, preserves the issues for consideration." *Commonwealth v. Reese,* 382 Pa.Super. 564, 568, 555 A.2d 1344, 1346 (1989), *allocatur denied,* 522 Pa. 624, 564 A.2d 916 (1989) (citations omitted). Accordingly, we find that the claims of trial and appellate counsels' ineffectiveness, for failing to instruct on the existence of an alibi and lack of felonious intent, are properly before us for disposition.

▐ This court, in *Commonwealth v. Poindexter,* 435 Pa.Super. 509, 646 A.2d 1211 (1994), *allocatur denied,* 540 Pa. 580, 655 A.2d 512 (1995), summarized case law regarding alibi instructions:

> An alibi instruction is required if the defendant presents evidence which covers the time period when the crime was committed and which puts him at a different location than that of the crime scene. *Commonwealth v. Repaci,* 419 Pa.Super. 591, 594–95, 615 A.2d 796, 798 (1992). It is not necessary for an alibi defense to be corroborated in order to constitute an alibi. *See [Com. v.] Roxberry,* 529 Pa. [160] at 165, 602 A.2d [826] at 828 [ (1992) ]; *Commonwealth v. Saunders,* 529 Pa. 140, 602 A.2d 816 (1991); *Commonwealth v. Willis,* 520 Pa. 289, 553 A.2d 959 (1989) (all requiring an alibi instruction when the alibi defense had been presented

the defendant. *Id. See Commonwealth v. Chmiel,* 536 Pa. 244, 639 A.2d 9 (1994).

solely by the unsupported testimony of the defendant). There is no minimum or threshold quantum of physical separation necessary for a defense to constitute an alibi, so long as the separation *makes it **impossible** for the defendant to have committed the crime. Id.*

*Id.* at 524–25, 646 A.2d at 1218 (emphasis added). Furthermore, our supreme court has stated that an alibi "places the defendant **at the relevant time** in a different place than the scene involved and so removed therefrom as to render it impossible for him to be the guilty party." *Commonwealth v. Whiting,* 409 Pa. 492, 498, 187 A.2d 563, 566 (1963) (emphasis added).

At trial, Mays presented one alibi witness, William Mangum, who testified to the following: he was with Mays from 3:00–4:00 p.m. on the afternoon of the murder; he and Mays had decided to buy marijuana, drove to the home of the decedent and while Mangum remained in the car around the corner from the victim's home, Mays went into the decedent's residence and later returned to the car with a five dollar bag of marijuana; he drove Mays back to his home; and he heard no shots fired while Mays was in the decedent's home. After returning to Mays' home, Mangum stated that he and Mays sat outside smoking "joints." Mangum said that while they smoked marijuana, they talked about going to Reading to visit Mangum's girlfriend. The two then left for Reading, but were stopped by a police officer at a Pennsylvania Turnpike toll booth, at 8:20 p.m., for an expired inspection sticker. After the officer issued a ticket to Mangum, the two continued on their way to Reading where they went to Mangum's girlfriend's residence. After a short time at the girlfriend's house, Mays apparently left with another girl, while Mangum remained.

The testimony at trial revealed that the victim was murdered at approximately 6:00 p.m., on the evening of February 17, 1984. While there was evidence presented by defense witness Mangum that Mays was with him on the day of the murder between 3 and 4 o'clock p.m. and then later in the evening around 8:00 p.m., the record reveals no testimony,

either elicited by Mays or any other witness, including Mangum, that placed Mays at a place other than the victim's home at the *"relevant time"* of the murder—6:00 p.m. *See Commonwealth v. Fanase,* 446 Pa.Super. 654, 667 A.2d 1166 (1995) (when defendant's wife was uncertain as to important facts on the night of the alleged crime and was less than certain that the defendant was home "at the exact time the crime occurred," trial counsel was not ineffective for failing to request alibi instruction); *Commonwealth v. Repaci,* 419 Pa.Super. 591, 615 A.2d 796 (1992), *allocatur denied,* 535 Pa. 633, 631 A.2d 1006 (1993) (speculative testimony of alibi witnesses did not provide defendant with alibi, thus not requiring that alibi instruction be given; witness stated that he could not "say definitely" if defendant had been in another place at the exact time of the crime; other witness stated that defendant had not been gone from his home for "very long" on the night of the crime). *Cf. Commonwealth v. Roxberry,* 529 Pa. 160, 602 A.2d 826 (1992) (when victim claimed that alleged crimes occurred between 11:00 p.m. and 1:00 a.m. of succeeding days, defendant's testimony that he was drinking in a bar from 8:00 p.m. until 1:00 a.m. was sufficient alibi defense warranting alibi instruction); *Commonwealth v. Brunner,* 341 Pa.Super. 64, 491 A.2d 150 (1985) (when Commonwealth witness claimed that she and the defendant committed burglary "around noontime," testimony by alibi witness that defendant was with her at an ice cream parlor between noon and 12:30 p.m. was sufficient alibi defense requiring counsel to request alibi instruction).

We conclude that it was not "impossible for Mays to have committed the crime," *Willis, supra,* because no testimony actually placed Mays in another place at 6:00 p.m. on the evening of February 17, 1984. *Repaci, supra.* With no established alibi, Mays was not entitled to an alibi instruction. Mays' claim, therefore, is without merit, *Buehl, supra,* and we will not deem counsel ineffective for failing to raise this meritless claim. *Johnson, supra.*

Mays next asserts that trial counsel was ineffective for failing to request a "felonious intent" instruction regarding the

underlying crime of robbery in relation to the charge of felony-murder. He claims that because his codefendant went to the victim's home to recover a debt, and not to rob,[6] the required felonious intent for the felony, robbery, would be missing and the jury could not convict him of felony-murder. We disagree.

The question we must ask about a proposed charge to the jury is whether it is warranted by the evidence presented in the case. *Commonwealth v. Mayfield*, 401 Pa.Super. 560, 563, 585 A.2d 1069, 1075 (1991), citing *Commonwealth v. Schaller*, 493 Pa. 426, 431, 426 A.2d 1090, 1093 (1981). If the requested instruction is inapplicable and improper, the court should not charge on it. *Commonwealth v. Cottam*, 420 Pa.Super. 311, 333, 616 A.2d 988, 999 (1992), citing *Commonwealth v. Kyle*, 367 Pa.Super. 484, 509–10, 533 A.2d 120, 133 (1987), *allocatur denied*, 518 Pa. 617, 541 A.2d 744 (1988). If we find that the court should have included the instruction, then we must determine whether its omission prejudiced the defendant. *Commonwealth v. Woodward*, 483 Pa. 1, 4, 394 A.2d 508, 510 (1978). If we determine the decision not to give an instruction was an error of law which might have prejudiced the defendant, then we must determine the error was not harmless before granting a new trial. *Commonwealth v. Lesher*, 473 Pa. 141, 150–51, 373 A.2d 1088, 1093 (1977).

**6.** The Pennsylvania Criminal Code defines the crime of robbery as follows:

> **§ 3701. Robbery**
> **(a) Offense defined.—**
> (1) A person is guilty of robbery if, in the course of committing a *theft*, he:
> (i) inflicts serious bodily injury upon another; . . . .

18 Pa.C.S.A. § 3701 (emphasis added).

Serious bodily injury is defined as "bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2301.

"Theft" is defined as:

> **(a) Movable property.—**A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof.

18 Pa.C.S.A. § 3921.

■■■ While it is true that felonious intent is one of the important elements of the crime of robbery, *Commonwealth v. Tarver,* 446 Pa. 233, 284 A.2d 759 (1971), *overruled on other grounds* by *Commonwealth v. Graves,* 461 Pa. 118, 334 A.2d 661 (1975), our supreme court has held that if a defendant is owed money by a victim, and commits murder of the victim when attempting to regain this money, the defendant will be guilty of robbery in the taking of said victim's property by such force. *Commonwealth v. Sleighter,* 495 Pa. 262, 433 A.2d 469 (1981); *see also Commonwealth v. Namack,* 444 Pa.Super. 9 n. 2, 663 A.2d 191 n. 2 (1995) (citations omitted) (claim of right defense not available to one who employs force or stealth to recoup or to collect an unliquidated debt).

■■■ Accordingly, we find that the shot fired into the victim's torso by Mays' co-conspirator, Bland, at Mays' insistence, was clearly an abuse of force used to recover property which the victim may have owed Bland. *Sleighter, supra.* The evidence in the case does not entitle Mays to a special instruction on "felonious intent," based on Bland's alleged "claim of right" to recover property from the victim. In fact, such an instruction would have been improper and against established law. *Cottam, supra; Namack, supra.* Without any merit to Mays' argument, we will not hold counsel ineffective for failing to assert this claim. *Johnson, supra.*[7] Having determined that the PCRA court's findings were supported by

---

**7.** The trial judge gave a rather complete charge to the jury regarding the intent element of robbery in the context of the crime of felony-murder:

COURT: A person is guilty of robbery if, in the course of committing a theft, he inflicts serious bodily harm upon the person of another. If it occurs in an attempt to commit theft or is inflicted after the attempt or commission of theft then you don't actually need anything actually taken. If there was an attempt to take something and as a result of that a death occurred, then you will find that type of standard in determining whether or not this is felony murder. Now, theft is the unlawful taking of the personal property or moveable property **from another** with the intent to deprive the person of possession thereof. It must be the property of another. **There are questions in this case about a debt, but you will not have the right to take the property of another even though you think that that property belonged to you and that debt belonged to you.**

200

the record and free of legal error, *Blackwell, supra,* we affirm the order denying PCRA relief.

Order affirmed.