J-S07029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FEIQUIN RAHSAAN AKBARR | |
| Appellant | No. 388 MDA 2015 |

Appeal from the Order Entered January 14, 2015
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0002604-2011

BEFORE:  BOWES, J., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY OTT, J.:                          **FILED MAY 17, 2016**

Feiquin Rahsaan Akbarr appeals the order entered January 14, 2015, in the Luzerne County Court of Common Pleas denying his first petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  Akbarr seeks relief from the judgment of sentence of an aggregate term of 96 to 192 months' imprisonment imposed on October 24, 2012, following Akbarr's non-jury conviction of involuntary deviate sexual intercourse ("IDSI") and indecent assault.[1]  Contemporaneous with this appeal, counsel for Akbarr has filed a petition to withdraw, and

_____

[*] Former Justice specially assigned to the Superior Court.

[1] **See** 18 Pa.C.S. §§ 3123(a)(1) and 3126(a)(1), respectively.

accompanying "no-merit" brief.[2]  For the reasons set forth below, we grant counsel's petition to withdraw and affirm the order denying PCRA relief.

The facts underlying Akbarr's arrest were summarized by a panel of this Court in a prior decision:

> The charges in this matter stemmed from an incident that occurred on June 5, 2011.  On that date, [Akbarr] went to the home of an acquaintance and sexually assaulted victim J.N., who was eight months pregnant at the time.  J.N. managed to get away from [Akbarr] and alert her housemate to the incident. [Akbarr] was subsequently chased from the home; and, during a brief struggle with the housemate and another male, dropped an identification card with his photograph on it.  J.N. identified [Akbarr] based on the recovered card.  She was taken to Wilkes General Hospital and a rape kit was performed.

*Commonwealth v. Akbarr*, 87 A.3d 879 (unpublished memorandum at 1-2) (Pa. Super. 2013).

Akbarr was subsequently charged with IDSI, indecent assault, and theft by unlawful taking.[3]  He filed a pretrial motion to suppress statements he made to police officers during their execution of a search warrant to retrieve a DNA sample from him.  The court denied the motion following a hearing on June 4, 2012.  Akbarr proceeded to a non-jury trial, and, on June

---

[2] As explained *infra*, counsel improperly filed an **Anders** brief, rather than a **Turner/Finley** "no merit" letter.  **See Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[3] **See** 18 Pa.C.S. § 3921(a).  The theft charge was based on the victim's allegation that Akbarr ran out of her house with her cell phone.  **See** Criminal Complaint, 6/10/2011, Affidavit of Probable Cause at 2.

8, 2012, was convicted of the two sexual offenses. The court found him not guilty of theft. Because of the sexual nature of Akbarr's convictions, the trial court ordered that Akbarr undergo an assessment by the Sexual Offender's Assessment Board to determine if he met the criteria for classification as a sexually violent predator ("SVP") pursuant to Megan's Law.[4]

On October 24, 2012, the trial court held a combined Megan's Law/sentencing hearing. The court found Akbarr met the criteria for classification as an SVP, and sentenced him to a term of 96 to 192 months' imprisonment for IDSI, and a concurrent term of 12 to 24 months' imprisonment for indecent assault. Akbarr filed a timely post-sentence motion challenging, *inter alia*, the weight and sufficiency of the evidence supporting his convictions. The trial court denied his post-sentence motion, and Akbarr filed a direct appeal.

On appeal to this Court, Akbarr limited his claims to a challenge to the trial court's denial of his suppression motion, and his SVP classification. A panel of this Court affirmed in part, and reversed in part. ***See Akbarr***, ***supra***. Specifically, the panel found no error in the trial court's suppression ruling, but determined the evidence was insufficient to support Akbarr's classification as an SVP. Accordingly, the panel reversed and vacated the

_____

[4] We note that, effective December 20, 2012, Megan's Law was replaced by the Sexual Offenders Registration and Notification Act ("SORNA"). ***See*** 42 Pa.C.S. §§ 9799.10-9799.41 (as amended 2011, Dec. 20, P.L. 446, No. 111, § 12).

judgment of sentence as to Akbarr's SVP classification only, and affirmed it in all other respects. The panel remanded the case so that Akbarr could be informed of his new registration requirements. *Id.* (unpublished memorandum at 16-17).

Upon remand, on December 13, 2013, the trial court determined Akbarr was a Tier III sexual offender,[5] and informed him of his registration requirements. On January 27, 2014, Akbarr filed a *pro se* PCRA petition, arguing prior counsel was ineffective for failing to challenge on direct appeal the weight of the evidence, the lack of DNA evidence, and a violation of his speedy trial rights. *See* Motion for Post Conviction Collateral Relief, 1/27/2014, at 3. He also requested a correction of his sentence based on an assertion that his prior record score should have been a "2" rather than a "5." *Id.* at 4. New counsel was subsequently appointed. Thereafter, Akbarr filed a *pro se* motion for modification of his sentence *nunc pro tunc*, again claiming the prior record score used by the trial court in determining his sentence was incorrect.[6] The PCRA court denied Akbarr's *pro se* motion for modification on April 28, 2014.

---

[5] *See* 42 Pa.C.S. §§ 9799.14(d); 9799.15.

[6] Specifically, Akbarr claimed the trial court told him that "if [he] could show proof [he] did not commit three felonies in 2001 and 2002 that [the court] would modifi (sic) [his] sentence." Motion for Modification of Sentence Nunc Pro Tunc, 4/22/2014, at 2.

Subsequently, the PCRA court conducted three PCRA hearings, on May 30, 2014, July 22, 2014, and October 30, 2014. On January 14, 2015, the court entered an order denying Akbarr's PCRA petition. PCRA counsel filed this timely appeal on February 13, 2015, accompanied by a motion for appointment of appellate counsel. The PCRA court granted counsel's motion to withdraw and appointed Akbarr's current attorney, Mary V. Deady, Esq., to represent him in this appeal.[7]

Prior to addressing the substantive claims raised on appeal, we must first consider whether counsel has fulfilled the procedural requirements for withdrawal as outlined in **Turner/Finley**:

> Counsel petitioning to withdraw from PCRA representation must … review the case zealously. **Turner/Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw. Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> * * *
>
> [W]here counsel submits a petition and no-merit letter that … satisfy the technical demands of **Turner/Finley**, the court — trial court or this Court — must then conduct its own review of the merits of the case. If the court agrees with counsel that the

---

[7] Current counsel complied with the PCRA court's request to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

claims are without merit, the court will permit counsel to withdraw and deny relief.

***Commonwealth v. Doty***, 48 A.3d 451, 454 (Pa. Super. 2012) (citation omitted). ***See also Commonwealth v. Freeland***, 106 A.3d 768, 774-775 (Pa. Super. 2014).

Here, counsel filed an ***Anders*** brief in lieu of a "no-merit" letter. Although, as noted above, the appropriate filing when counsel seeks to withdraw on appeal from the denial of PCRA relief is a ***Turner***/***Finley*** "no merit" letter, this Court has held "[b]ecause an ***Anders*** brief provides greater protection to a defendant, this Court may accept an ***Anders*** brief in lieu of a ***Turner***/***Finley*** letter." ***Commonwealth v. Reed***, 107 A.3d 137, 139 (Pa. Super. 2014) (quotations omitted). We find the ***Anders*** brief submitted by counsel satisfies the requirements of ***Turner***/***Finley***. Moreover, our review of the record reveals counsel properly provided Akbarr with a copy of the brief and the petition to withdraw, and advised him of his right to proceed *pro se* or with private counsel. **See** Petition to Withdraw as Counsel, 10/14/2015. Akbarr has not responded to counsel's petition to withdraw. Therefore, we proceed to a consideration of whether the PCRA court erred in dismissing the petition. ***See Doty***, ***supra***.

When reviewing an order dismissing a PCRA petition, we must determine whether the PCRA court's findings of fact are supported by the record, and whether its legal conclusions are free from error. ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014). "Great deference

is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record." *Commonwealth v. Carter*, 21 A.3d 680, 682 (Pa. Super. 2011) (citation omitted).

Where, as here, the claims raised on appeal challenge the effectiveness of counsel, our review is well-settled:

> We begin our analysis of ineffectiveness claims with the presumption that counsel is effective. To prevail on his ineffectiveness claims, Appellant must plead and prove, by a preponderance of the evidence, three elements: (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) Appellant suffered prejudice because of counsel's action or inaction. With regard to the second, *i.e.*, the "reasonable basis" prong, we will conclude that counsel's chosen strategy lacked a reasonable basis only if Appellant proves that "an alternative not chosen offered a potential for success substantially greater than the course actually pursued." To establish the third, *i.e.*, the prejudice prong, Appellant must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction.

*Commonwealth v. Spotz*, 18 A.3d 244, 259-260 (Pa. 2011) (internal citations omitted). "Failure to establish any prong of the test will defeat an ineffectiveness claim." *Commonwealth v. Keaton*, 45 A.3d 1050, 1061 (Pa. 2012) (citations omitted).

The first issue addressed in counsel's "no merit" brief asserts the ineffective assistance of both trial and appellate counsel for failing to

challenge the sufficiency of the evidence supporting Akbarr's conviction.[8] Akbarr claims trial counsel failed to preserve this issue by moving for judgment of acquittal after the Commonwealth's case-in-chief, and direct appeal counsel subsequently failed to raise the claim on appeal. During the May 30, 2014, PCRA hearing, Akbarr testified the evidence was insufficient because none of his DNA was recovered from the victim, and there was "not a mark on her," although she claimed she went to the hospital 20 minutes after the assault. N.T., 5/30/2014, at 16-17.

Preliminarily, we note Akbarr's assertion that trial counsel failed to move for judgment of acquittal is belied by the record. **See** N.T., 6/4-8/2012, at 297-300. Moreover, with regard to direct appeal counsel's ineffectiveness, we conclude Akbarr's claim has no arguable merit.

"The crime of [IDSI] occurs when the actor, by physical compulsion or threats thereof, coerces the victim to engage in acts of anal and/or oral intercourse." **Commonwealth v. Poindexter**, 646 A.2d 1211, 1215 (Pa. Super. 1994), *appeal denied*, 655 A.2d 512 (Pa. 1995). **See** 18 Pa.C.S. § 3123(a)(1). Even "slight" penetration of the victim's genitals is sufficient to support a conviction. 18 Pa.C.S. § 3101. Furthermore, a person may be convicted of "indecent assault" if he has "indecent contact" with the victim, without the victim's consent. 18 Pa.C.S. § 3126(a)(1). "Indecent contact"

---

[8] We have reorganized the issues identified in the "no merit" brief for purposes of disposition.

is defined as "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in any person." 18 Pa.C.S. § 3101.

In the present case, the victim testified Akbarr pushed her on a bed, pulled off her pants, and touched her vagina with his tongue. **See** N.T., 6/4-8/2012, at 41-46. With regard to sexual offenses, it is well-established that the "testimony of a victim need not be corroborated." **Poindexter**, **supra**, 646 A.2d at 1214 (citation omitted). Indeed, "this court held that the uncorroborated testimony of a [sexual assault] victim, if believed by the jury, is sufficient to support a [sexual assault] conviction and no medical testimony is needed to corroborate a victim's testimony if the testimony was rendered credible by the [fact finder]." **Id.**, *citing* **Commonwealth v. Gabrielson**, 536 A.2d 401 (Pa. Super. 1988), *appeal denied*, 542 A.2d 1365 (Pa. 1988). Accordingly, the fact that the victim displayed no physical signs of assault, and that none of Akbarr's DNA was recovered from the victim is irrelevant. The trial court, as fact finder, determined the victim's testimony was credible. Because "counsel cannot be deemed ineffective for failing to raise a meritless claim[,]"[9] this issue fails.

Next, counsel's "no merit" brief addresses Akbarr's assertion that appellate counsel was ineffective for failing to challenge the weight of the

---

[9] **Commonwealth v. Staton**, 120 A.3d 277, 284 (Pa. 2015), *cert. denied*, 136 S. Ct. 807 (U.S. 2016).

evidence on direct appeal. During the PCRA hearing, Akbarr testified that his weight claim, like his sufficiency claim, is based on the lack of DNA evidence found on the victim and her undergarments. *See* N.T., 5/30/2014, at 16.

It is important to note that trial counsel filed a post-trial motion, raising a claim that the verdict was against the weight of the evidence, and the trial court, which sat as fact-finder, denied the motion. We emphasize that "[a] motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court," and appellate review of such a claim is limited to a review of the trial court's exercise of discretion, "not of the underlying question of whether the verdict is against the weight of the evidence." *Commonwealth v. Clay*, 64 A.3d 1049, 1054-1055 (Pa. 2013) (citations and emphasis omitted). Here, Akbarr has provided us with no basis to conclude the trial court abused its discretion in determining the verdict was not against the weight of the evidence. Therefore, we find this claim, like the first, has no arguable merit.

Furthermore, appellate counsel testified at the July 22, 2014, PCRA evidentiary hearing that before filing the direct appeal, he reviewed Akbarr's case with trial counsel and determined the only two credible issues were those he raised, *i.e.*, the trial court erred in denying the pretrial suppression motion, and in finding Akbarr met the criteria for qualification as an SVP.

*See* N.T., 7/22/2014, at 15-16. Accordingly, Akbarr has also failed to establish appellate counsel had no reasonable basis for his actions,[10] and, therefore, no relief is warranted with respect to his weight of the evidence challenge.

The "no merit" brief also identifies Akbarr's contention that appellate counsel was ineffective for failing to raise a speedy trial claim on direct appeal. At the PCRA hearing, Akbarr clarified that he wanted counsel to challenge the "180-day rule." N.T., 5/30/2014, at 19. He explained that he was granted "nominal bail" by the court, but the jail refused to release him because he did not have an "approved address." *Id.* at 19-20. Akbarr further testified that he hoped to work during his release and save money to hire a private attorney. *Id.* at 21.

Rule 600 of the Pennsylvania Rules of Criminal Procedure "was designed to implement speedy trial rights to defendants based upon the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution." *Commonwealth v. Goldman*, 70 A.3d 874, 879 (Pa. Super. 2013) (citation omitted), *appeal denied*, 85 A.3d 482 (Pa. 2014). While the Rule provides for the release of a defendant who is not tried within 365 days of the filing of the criminal complaint,[11] the Rule

_____

[10] *See Spotz*, *supra*.
[11] *See* Pa.R.Crim.P. 600(D)(1).

mandates only the release on nominal bail of a defendant "held in pretrial incarceration in excess of … 180 days from the date on which the complaint is filed[.]" Pa.R.Crim.P. 600(B)(1). Indeed, this Court has emphasized, "the only occasion requiring dismissal of charges is when the Commonwealth fails to commence trial within 365 days of the filing of the written complaint, taking into account all excludable time and excusable delay." *Goldman*, *supra*, 70 A.3d at 879-880.

Here, Akbarr was granted release on nominal bail after the 180-day period expired. However, because the jail found he did not have an approved address, he was never released. Nonetheless, Akbarr does not dispute that his trial commenced prior to the expiration of 365 days after the criminal complaint was filed.[12] Unfortunately, this Court has held that "[o]ther than release on nominal bail, **no other remedy** is prescribed for defendants incarcerated for less than three hundred sixty-five days, even if they were not, in fact, released on nominal bail." *Commonwealth v. Murray*, 879 A.2d 309, 314 (Pa. Super. 2005) (emphasis supplied). Therefore, because there is no remedy available to Akbarr, this claim, too, fails.

_____

[12] The incident at issue occurred on June 5, 2011, and Akbarr's non-jury trial commenced on June 4, 2012.

Lastly, the "no merit" letter addresses Akbarr's contention that both trial and appellate counsel were ineffective for failing to challenge the accuracy of his prior record score. The basis for this claim is somewhat convoluted.

During the October 24, 2012, sentencing hearing, the trial court asked counsel if he had reviewed the PSI with Akbarr, and whether counsel or Akbarr had any modifications or corrections. N.T., 10/24/2012, at 74. Counsel replied that he had reviewed the document with his client, and that his client did dispute "a few of the prior offenses[.]" *Id.* However, counsel stated, "I believe that we're confident that [those disputes] will not affect his prior record score." *Id.* Later in the hearing, after the court imposed Akbarr's sentence, the following exchange took place:

> [AKBARR]: Judge Pierantoni, if you find out that I was in jail from 2000 to 2006 in New Jersey, because they said I got felonies on my record that I know I don't have and that just added to my points and gave me more time today when I was in prison out of Leesburg, New Jersey. I was in prison from 2000 to 2006.
>
> [DEFENSE COUNSEL]: Judge at this point I'm going to advise the defendant that it's not in his best interest to keep speaking. I'm going to advise the Court that we had discussed this prior record issue. I don't want to violate any of my confidences with my client.
>
> THE COURT: Understood. I understand. I will advise your client of his appellate rights. …

*Id.* at 90.

Akbarr raised this claim again in his *pro se* PCRA petition, where he stated his prior record score should have been a "2" rather than a "5."

- 13 -

Motion for Post Conviction Collateral Relief, 1/27/2014, at 5. In a subsequent *pro se* motion for modification of sentence *nunc pro tunc*, he elaborated on this issue, asserting that the trial court informed him at sentencing that if he could prove he "did not commit three felonies in 2001 and 2002 that [the court] would modifi (sic) [his] sentence." Motion for Modification of Sentence *Nunc Pro Tunc*, 4/22/2014, at 2.[13] Akbarr attached to the *pro se* motion a summary memo from a violation of probation hearing, held in New Jersey on July 11, 2003, which states Akbarr was in violation of his New Jersey probation based on his conviction of crimes in Philadelphia in September of 2001 and October of 2002. The summary does not specify the conviction for which he was serving probation, or the resulting probation violation sentence.

We find Akbarr has failed to demonstrate this claim has arguable merit. The guideline sentence form, attached to Akbarr's PSI, indicates Akbarr had one second-degree felony conviction, two third-degree felony convictions, and six misdemeanor convictions. **See** Guideline Sentence Form. The form does not specify the dates of those convictions. Similarly, the PSI lists Akbarr's numerous arrests and convictions, dating back to 1994, but does not specify the grading of all of the offenses. **See** PSI, 8/28/2012, at 4-8. Accordingly, it is unclear, based on the documents in the

---

[13] As noted in the above excerpt from the sentencing transcript, Akbarr's contention is incorrect.

- 14 -

certified record, which of Akbarr's prior convictions were graded as second and third-degree felonies for purposes of his prior record score. Moreover, Akbarr did not specify the "disputed" convictions during his PCRA hearing testimony, and the New Jersey Probation summary simply does not shed any light on this claim. Accordingly, Akbarr has failed to establish his prior record score was calculated incorrectly.

Furthermore, as noted above, trial counsel acknowledged at the sentencing hearing that Akbarr disputed "a few of the prior offenses[,]" but insisted that his client's concerns would "not affect [the] prior record score." N.T., 10/24/2012, at 74. Akbarr did not question either trial counsel or appellate counsel about this issue during the PCRA hearing, and, therefore, he also failed to demonstrate prior counsel had no reasonable basis for failing to raise this claim previously. Accordingly, no relief is warranted.

As mandated by law, we have independently reviewed the record and agree with counsel that the current appeal has no merit. *See Doty*, *supra*, 48 A.3d at 457. Therefore, we affirm the order dismissing Akbarr's petition for PCRA relief, and grant counsel's petition to withdraw.

Order affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/17/2016

- 15 -