J-S77008-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSE SILVA | |
| Appellant | No. 2748 EDA 2013 |

Appeal from the Judgment of Sentence entered November 1, 2012
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0011099-2008

BEFORE:  STABILE, JENKINS, and STRASSBURGER,[*] JJ.

MEMORANDUM BY STABILE                    **FILED FEBRUARY 09, 2015**

Appellant, Jose Silva, appeals from the November 1, 2012 judgment of sentence imposing 2½ to 5 years of incarceration for sexual assault (18 Pa.C.S.A. § 3124.1) followed by a consecutive 5 years of probation for indecent assault of an unconscious victim (18 Pa.C.S.A. § 3126(a)(4)).  We affirm.

The assault of the victim took place in the early morning hours of June 15, 2008.  The victim reported the assault the same day.  Appellant was arrested and proceeded to a bench trial on June 22, 2012.  At the conclusion of the trial, the judge found Appellant guilty of the aforementioned offenses.

---

[*] Retired Senior Judge assigned to the Superior Court.

The trial court's Pa.R.A.P. 1925(a) opinion sets forth the following

facts:

> The [victim], age 40 at the time of trial, testified that on
> June 14, 2008, she drove herself and two acquaintances, Melissa
> Shepard and [Appellant] from her home in Philadelphia to a
> mutual friend's military deployment party at a nightclub in
> Trenton, New Jersey. While there, they had three rounds of
> cosmopolitan cocktails after which she became very ill and began
> vomiting. Due to her condition, she had [Appellant] drive them
> back to her home during which she continued vomiting. Her
> companions assisted her to her bedroom and as she thought
> they were leaving she fell asleep in her bed, when, at some point
> after which, she awoke to find [Appellant] sitting on the edge of
> her bed massaging her feet. She told him it was time for him to
> go and escorted him downstairs to the front door; he asked for
> and was given a hug but when he then started to try to kiss her
> she pushed him away and then passed out on the stairs near the
> front door. The next thing she remembered was waking up on
> the couch in her basement with [Appellant] on top of her
> engaging in intercourse, whereupon she pushed him away, put
> her pants back on and had him leave, making it clear that she
> never consented to having any sexual contact with him. She
> went back upstairs, found Shepard asleep in her guest room,
> returned to her bedroom and waited for Shepard to wake up,
> after which Shepard drove her to the hospital where she
> reported the incident to the police. Over the course of the rest
> of the day and into the night she received numerous text
> messages from [Appellant] profusely apologizing for the
> incident; she emailed them to the investigating police officer and
> the Commonwealth confirmed their receipt from [Appellant's]
> cell phone by submitting the telephone company records. The
> Commonwealth then called the police officer who confirmed the
> victim's report of the rape and her sending him text messages,
> followed by Shepard who confirmed attending the gathering and
> the victim becoming ill and vomiting as they left the nightclub
> and took her home, and Maureen Hahn, whom the complainant
> had called and told her about the rape, who knew both her and
> [Appellant] for a number of years and testified that the
> complainant never expressed any attraction for [Appellant] and
> that she never saw them socialize in any way.

Trial Court Opinion, 7/17/14, at 2-3.

Appellant's sole argument on appeal is that the Commonwealth failed to produce sufficient evidence in support of his convictions. Appellant's Brief at 4. Specifically, he argues the victim consented to have intercourse with him. We review Appellant's argument as follows:

> The standard we apply in reviewing the sufficiency of evidence is whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the factfinder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for that of the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Feese*, 79 A.3d 1101, 1119 (Pa. Super. 2013), *appeal denied*, 94 A.3d 1007 (Pa. 2014).

Section 3124.1 of the Pennsylvania Crimes Code provides: "Except as provided in section 3121 (relating to rape) or 3123 (relating to involuntary deviate sexual intercourse), a person commits a felony of the second degree when that person engages in sexual intercourse or deviate sexual intercourse with a complainant **without the complainant's consent**." 18 Pa.C.S.A. § 3121.4 (emphasis added). A person commits indecent assault

- 3 -

"if the person has indecent contact with the complainant […] and: […] (4) the complainant is unconscious[.]" 18 Pa.C.S.A. § 3126(a)(4). Indecent contact includes "Any touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in any person." 18 Pa.C.S.A. § 3101.

Appellant argues the victim consented to sexual intercourse. Thus, he believes the evidence is insufficient because the trial court found him guilty based solely on the victim's uncorroborated assertion to the contrary. As set forth above, the victim testified she passed out and woke up to find herself naked from the waist down with Appellant on top of her having sexual intercourse with her. N.T. Trial, 6/22/12, at 25-26. The victim testified she never consented to having intercourse with Appellant. *Id.* at 27.

Appellant, testifying in his own defense, stated the victim began kissing him as he was preparing to leave her home. *Id.* at 92. The two then began "making out" and the victim said, "let's have sex right here." *Id.* The two then moved to a couch in the basement and had consensual intercourse. *Id.* at 92-93.

The trial court, sitting as finder of fact, found the victim's account credible and Appellant's account not credible. We must afford great deference to the trial court's findings of fact. *Commonwealth v. Baumhammers*, 92 A.3d 708, 717 (Pa. 2014). "[T]here is no justification for an appellate court, relying solely upon a cold record, to review the fact-

finder's first-hand credibility determinations." ***Commonwealth v. White***, 734 A.2d 374, 381 (Pa. 1999). The trial court was free to believe "all, part, or none of the evidence, ***Feese***, 79 A.3d at 1119, and in this case the court was free to believe the victim's testimony and disbelieve that of Appellant.

Despite the foregoing, Appellant argues the evidence is insufficient because the victim's testimony is uncorroborated.[1] According to Appellant, this renders the evidence too weak and inconclusive to support a conviction. The victim's testimony, deemed credible by the trial court, establishes that Appellant had sex with her without her consent and while she was unconscious. This testimony sufficiently establishes the elements of §§ 3124.1 and 3126(a)(4). "[U]nder prevailing Pennsylvania law, the uncorroborated testimony of a sexual assault victim, if believed by the trier of fact, is sufficient to convict a defendant." ***Commonwealth v. Trippett***, 932 A.2d 188, 201 (Pa. Super. 2007); ***see also*** 18 Pa.C.S.A. § 3106 ("The testimony of a complainant need not be corroborated in prosecutions under this chapter."). If it were otherwise, it would be impossible to obtain a conviction in a "he said, she said" case such as this one.

In addition, Appellant's argument conveniently ignores the text messages he sent to the victim apologizing for the incident. Those

_____

[1] In the first sentence of the argument section of his brief, Appellant notes his regret at failing to raise and preserve a challenge to the weight of the evidence. Appellant's Brief at 20.

- 5 -

messages corroborate the victim's assertion that Appellant acted without her consent. At trial, Appellant construed those text messages as indicative of his remorse that he cheated on his girlfriend, but the trial court disbelieved Appellant's explanation.

Appellant further argues the Commonwealth is potentially "hiding something" by failing to introduce hospital records or a rape kit into evidence, even though the victim went to the hospital and a rape kit was performed. Appellant's Brief at 24. This argument avails Appellant nothing, as he fails to explain how the records would have undermined the victim's testimony that she did not consent to sexual intercourse. Appellant admitted that he had sexual intercourse with the victim. Rape kit results were not necessary to confirm that fact. The victim did not allege that a violent physical struggle occurred. Thus, medical records were not necessary to confirm or refute that scenario. *See Commonwealth v. Poindexter*, 646 A.2d 1211, 1214 (Pa. Super. 1994) ("the uncorroborated testimony of a rape victim, if believed by the jury, is sufficient to support a rape conviction and no medical testimony is needed to corroborate a victim's testimony if the testimony was rendered credible by the jury."). In any event, Appellant does not argue the Commonwealth failed to disclose exculpatory evidence in its possession, in violation of Pa.R.Crim.P. 573(B) and *Brady v. Maryland*, 373 U.S. 83 (1963).

In summary, the evidence of record is sufficient to support Appellant's convictions. Appellant's arguments to the contrary lack merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/9/2015