J-S76035-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DWAYNE SMITH, | |
| Appellant | No. 2687 EDA 2016 |

Appeal from the Judgment of Sentence August 1, 2016
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0009240-2015

BEFORE:  PANELLA, J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                     **FILED MARCH 14, 2018**

Appellant, Dwayne Smith,[1] appeals from the judgment of sentence imposed following his bench trial conviction of robbery and related offenses. The sole question raised on appeal asserts that the trial court deprived Appellant of the opportunity to present evidence of his alibi defense. Appellant concedes he failed to provide proper notice of an alibi defense, but claims the court's preclusion of alibi testimony deprived him of his constitutional due process rights. We affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant's name is also spelled (or misspelled) "Dawyne" in the record.

Appellant and a cohort robbed a married couple at gunpoint. Appellant and his then-girlfriend had previously lived together with the victims as roommates. Appellant testified that he knew the victims would withdraw cash from their social security deposit accounts on the first day of the month. He used to take them to the ATM machine. (*See* N.T. Trial, 3/18/16, at 112). The two robbers threatened to kill the victims until the wife gave up $900. The victims identified Appellant as one of their assailants.

Pertinent to the issue on appeal, Appellant testified in his own defense. He denied that he was in the apartment building on July 1, 2015, the day of the robbery. Instead, he claimed that he was at Broad and Olney, "grind[ing]" and "hustling." (*Id.* at 108).[2] At this point, the trial court judge asked, "Is there an alibi defense?" Defense counsel answered, "**No**, Your Honor." (*Id.*) (emphasis added).

A short while later, on cross-examination, Appellant conceded that he had no one who could support his claim that he was at Broad and Olney on the day of the robbery: "Ain't no nobody (sic) here for me." (*Id.* at 109).

At this point, defense counsel objected. (*See id.*). The trial court then asked: "Just as an alibi, is he claiming to have been some place else when this happened?" (*Id.*)

---

[2] The intersection of Broad Street and Olney Avenue is a busy commercial and transportation center about 1.2 miles away from the 6600 block of Ogontz Avenue, the scene of the crime. *See* Pa.R.E. 201(b).

Defense counsel replied:  "**Yes**, Your Honor."  (*Id.*). (emphasis added).

The court asked: "Well when are you going to get into that?  I am striking all of that.  Was there notice of any of that?"  (*Id.*).

The prosecutor responded: "No, there was no notice."  (*Id.*).  The court replied: "All right.  So [forget] it.  It didn't happen.  Stricken."

Defense counsel replied: "**Yes**, sir."  (*Id.*).  (emphasis added).

Following the bench trial, the court found Appellant guilty of two counts of robbery, conspiracy to commit robbery, two counts of burglary, two counts of theft by unlawful taking, two counts of receiving stolen property, one count of possession of an instrument of crime, two counts of terroristic threats, two counts of simple assault, two counts of recklessly endangering another person (REAP), and two counts of criminal trespass.[3]

On August 1, 2016, the court imposed an aggregate sentence of not less than eleven-and-one-half years nor more than twenty-five years of incarceration followed by five years of probation.[4]  This timely appeal followed.[5]

---

[3] At sentencing, the court acquitted Appellant of one count (each) of burglary, REAP, and trespass.  The court also reduced the grade of the remaining count of criminal trespass to a felony of the third degree.

[4] The sentencing court found that the other convictions merged for purposes of sentencing; no further penalty was imposed.

[5] Appellant filed a timely statement of errors on January 4, 2017.  The trial court filed an opinion on February 13, 2017.  **See** Pa.R.A.P. 1925.  We note

On appeal, Appellant presents one question for our review:

> Did the [trial] court err in precluding [A]ppellant from testifying about an alibi in violation of Pennsylvania Rule of Criminal procedure (sic) 567, and in violation of his state and federal due process right to present a defense, even though he failed to provide notice of the defense?

(Appellant's Brief, at 3).

> [The] standard of review on a trial court's ruling on the admissibility of evidence is limited. Evidentiary questions are left to the sound discretion of the trial court, and this Court will reverse only upon a showing that the trial court abused its discretion. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.

***Commonwealth v. Spiewak***, 617 A.2d 696, 699, n.4 (Pa. 1992) (citations omitted).

"An alibi is a defense that places the defendant at the relevant time in a different place than the scene involved and **so removed therefrom as to render it impossible for him to be the guilty party**." ***Commonwealth v. Hawkins***, 894 A.2d 716, 717 (Pa. 2006) (citations and internal quotation marks omitted) (emphasis added). Pennsylvania Rule of Criminal Procedure 567 provides, in pertinent part, as follows:

**(B) Failure to File Notice.**

---

that Appellant chose to abandon his challenge to the weight of the evidence. (***See*** Appellant's Brief, at 3 n.1).

(1) If the defendant fails to file and serve the notice of alibi as required by this rule, the court may exclude entirely any evidence offered by the defendant for the purpose of proving the defense, except testimony by the defendant, may grant a continuance to enable the Commonwealth to investigate such evidence, or may make such other order as the interests of justice require.

Pa.R.Crim.P. 567(B).

Alibi notice statutes and rules such as Rule 567 in Pennsylvania, are designed to prevent surprise to the prosecution at trial by providing an opportunity to investigate the defendant's alibi, reducing the likelihood that a fabricated alibi will result in an unwarranted acquittal. Requiring notice of an intent to rely on an alibi defense before trial advances the orderly, efficient administration of justice by avoiding the interruption of trials for the Commonwealth to investigate a surprise alibi defense.

Here, our independent review of the record confirms that when Appellant first claimed that he was at Broad and Olney on the day of the robbery, the trial court properly inquired whether Appellant was presenting an alibi defense. (*See* N.T. Trial, at 108). Defense counsel denied it. (*See id.*).

It was only when defense counsel objected to the prosecutor's question on cross-examination (about any witnesses to support Appellant's claim that he was at Broad and Olney), that the trial court inquired further, asking if Appellant claimed to have been some place else. (*See id.* at 109). This time, defense counsel did a complete reversal, and asserted the alibi defense after all. (*See id.*).

- 5 -

We read the trial court's ruling as responsive to that turnabout assertion of an alibi defense, not to the preceding colloquy where, after denial of an alibi defense, an evidentiary ruling would have been unnecessary and irrelevant. The trial court first permitted Appellant's own testimony (protecting his due process rights), but properly exercised its discretion in excluding any reference to an alibi once it became clear that Appellant had failed to give proper notice and had no other evidence to support his vague, generalized claim.

Further, Appellant waived his claim by failing to make a timely, specific objection to the trial court. When the court ruled that alibi evidence would be stricken for failure of timely notice, defense counsel replied, "Yes, sir." (N.T. Trial, 3/18/16, at 109.). "[T]he failure to make a timely and specific objection before the trial court at the appropriate stage of the proceedings will result in waiver of the issue." *Commonwealth v. Tucker*, 143 A.3d 955, 961 (Pa. Super. 2016), *appeal denied*, 165 A.3d 895 (Pa. 2017) (citation omitted). *See also* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Moreover, the claim would not merit relief.

> The right to present evidence of an alibi and to receive a jury instruction therefrom, however, is not absolute. In order to obtain this right, a defendant must comply with the notice requirement set forth in Rule 305 [now Rule 567] of the Pennsylvania Rules of Criminal Procedure. Rule [567] provides that if a defendant intends to offer the defense of alibi at trial, the defendant must file of record notice prior to trial with the prosecuting attorney. Such notice must contain **specific**

- 6 -

information as to the place or places where defendant claims to have been at the time of the alleged offense and the names and addresses of witnesses whom the defendant intends to call in support of such claim.  Pa.R.Crim.P. [567].

***Commonwealth v. Poindexter***, 646 A.2d 1211, 1218–19 (Pa. Super. 1994), *appeal denied*, 655 A.2d 512 (Pa. 1995) (footnote omitted) (emphasis added).

It is well settled that in Pennsylvania, a defendant seeking to present an alibi defense must give appropriate notice, to enable the Commonwealth to investigate the claim and make a meaningful response.  ***See id.***; ***see also*** Pa.R.Crim.P. 567; ***Commonwealth v. Lyons***, 833 A.2d 245, 250 (Pa. Super. 2003), *appeal denied,* 879 A.2d 782 (Pa. 2005) (failure to provide timely notice inexcusable; witnesses noticed two days after trial began properly excluded); ***Commonwealth v. Zimmerman***, 571 A.2d 1062, 1066-67 (Pa. Super. 1990), *appeal denied*, 600 A.2d 953, (Pa. 1991), *cert. denied*, 503 U.S. 945 (1992) (alibi evidence noticed on first day of trial properly excluded).

Accordingly, Appellant's claim is waived, and would not merit relief. Although our reasoning differs somewhat from that of the trial court, we may affirm if there is any basis on the record to support the trial court's decision. ***See Poindexter***, ***supra*** at 1221.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/14/18