J-S07040-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CRAIG LAVOY POUST | : | |
| | : | |
| Appellant | : | No. 1302 MDA 2018 |

Appeal from the Judgment of Sentence Entered March 5, 2018
In the Court of Common Pleas of Snyder County Criminal Division at
No(s):  CP-55-CR-0000019-2017

BEFORE:   OLSON, J., McLAUGHLIN, J., and PELLEGRINI*, J.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED: MAY 24, 2019**

Craig Lavoy Poust appeals the judgment of sentence entered on March 5, 2018 after the jury found him guilty of multiple sex offenses and corruption of minors. Poust challenges the sufficiency of the evidence. We affirm.

The Commonwealth presented the following evidence at trial. The victim, C.H., testified that she had sexual intercourse with Poust on multiple occasions. **See** N.T., Trial, 1/23/18, at 99-100. On those occasions she was intoxicated and believed that Poust administered "other substances" in her beverage and/or marijuana because "[t]here were times where my judgment was altered and I just couldn't control myself." **Id.** at 98. She testified that she had drunk alcohol and smoked marijuana in the past, before meeting Poust. **Id.** However, she said that when she did so with him, it was different. **Id.** She explained, "I had no control over what I was doing. I kind of felt like a puppet." **Id.**

_____
* Retired Senior Judge assigned to the Superior Court.

The Commonwealth also presented testimony of another young woman, J.C., who had a similar experience with Poust. J.C. testified that on one occasion, after receiving a single drink from Poust, she blacked out and woke up naked in bed with his wife. *Id.* at 91. She also testified that she had drunk alcohol in the past and that this particular time was different. Akin to C.H.'s testimony, she said that with Poust, she "felt more intoxicated than what [she] should with the amount of alcohol that [she] drank." *Id.*

In a similar vein, Poust's wife testified that there were times that she drank with her husband and blacked out. *See id.* at 78-79. When asked if she "ever suspect[ed] that he put something in [her] drink in addition to the other girls," she replied, "I guess it was very possible that he could have." *Id.* at 79.

The jury convicted Poust of rape, involuntary deviate sexual intercourse, aggravated indecent assault, corruption of minors, conspiracy to commit corruption of minors, indecent assault, conspiracy to commit indecent assault, furnishing alcohol.[1] The trial court sentenced Poust to ten years and three months to 25 years in prison. Poust filed a post-sentence motion that was denied by operation of law. This timely appeal followed.

Poust raises the following issues:

I.   Did error occur in conviction of [Poust] for Rape, Involuntary Deviate Sexual Intercourse, Aggravated Indecent Assault and Conspiracy (Indecent Assault) where the alleged victim

---

[1] 18 Pa.C.S.A. §§ 3121(a)(4), 3123(a)(4), 3125(a)(5), 6301(a)(1)(ii), 903, 3126(a)(5), 903, and 6310.1(a), respectively.

testified that she had knowledge she received drugs or intoxicants?

II.   Did error occur in conviction of [Poust] for Corruption of Minors and Conspiracy (Corruption of Minors) as there was no factual basis for such, particularly if he is exonerated on the charges listed in Argument One above?

Poust's Br. at 6 (suggested answers omitted).

Poust challenges the sufficiency of the evidence. When reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the Commonwealth as verdict winner, and make all reasonable inferences in the Commonwealth's favor. **Commonwealth v. Sweitzer**, 177 A.3d 253, 257 (Pa.Super. 2017). Our standard of review is *de novo* and our scope of review is plenary. **Commonwealth v. Edwards**, 177 A.3d 963, 969 (Pa.Super. 2018).

Poust alleges that "[t]he prosecution offered absolutely no evidence that [Poust] put anything in anybody's drink." Poust's Br. at 14. We disagree.

Common to all of Poust's sexual offense charges is the requirement that he used an intoxicant or other disabling means to commit the offense. The Commonwealth was required to prove that Poust "substantially impaired the complainant's power to appraise or control his or her conduct by administering or employing, without the knowledge of the complainant, drugs, intoxicants or other means for the purpose of preventing resistance." **See** 18 Pa.C.S.A. §§ 3121(a)(4), 3123(a)(4), 3125(a)(5), and 3126(a)(5).

Viewing the evidence in the light most favorable to the Commonwealth, the testimony of J.C., C.H., and Poust's wife, taken together, proved this

element beyond a reasonable doubt. C.H. testified that when she drank with Poust she felt as though she "couldn't control" herself and that she felt like a puppet. Similarly, J.C. testified that when she drank with Poust she completely blacked out and that this was unusual for the amount of alcohol that Poust gave her. Moreover, Poust's wife testified that she had also blacked out after drinking with her husband and would not be surprised if "he put something in [her] drink in addition to the other girls." This collective testimony was sufficient to prove that Poust gave C.H. drugs, intoxicants, or other means for the purpose of preventing her resistance. *See* 18 Pa.C.S.A. §§ 3121(a)(4), 3123(a)(4), 3125(a)(5), and 3126(a)(5).

Next, Poust claims that if we conclude that there was insufficient evidence of his sex offenses, then there is "no factual basis" for his convictions for corruption of minors and conspiracy for the corruption of minors. Poust's Br. at 14-15. Corruption of minors is defined as:

> Whoever, being of the age of 18 years and upwards, by any course of conduct in violation of Chapter 31 (relating to sexual offenses) corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of an offense under Chapter 31 commits a felony of the third degree.

18 Pa.C.S.A. § 6301(a)(1)(ii).

As explained above, we reject Poust's arguments that the evidence was insufficient to support his sex offense convictions. We therefore likewise reject his challenge to his corruption of minors and conspiracy convictions. *See* *Commonwealth v. Poindexter*, 646 A.2d 1211, 1215-16 (Pa.Super. 1994)

- 4 -

(concluding evidence was sufficient to prove corruption of minors charge where there was sufficient evidence to support convictions for rape, involuntary deviate sexual intercourse, and statutory rape). No relief is due.

Judgment of sentence affirmed.

Judge Olson joins the Memorandum.

Judge Pellegrini files a Dissenting Memorandum.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/24/2019