J-S23027-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| V. | : | |
| | : | |
| JUSTIN HUDSON | : | |
| | : | |
| Appellant | : | |
| | : | |
| | : | No. 2656 EDA 2022 |

Appeal from the Judgment of Sentence Entered September 30, 2022,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0002494-2020.

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED JULY 26, 2023**

Justin Hudson appeals from the judgment of sentence entered after he was convicted of sexual offenses.[1]  He challenges the sufficiency of the evidence to support his convictions.  He also requests reconsideration of this Court's denial of his motion to remand to raise a weight-of-the-evidence claim before the trial court.  We affirm Hudson's judgment of sentence and deny his motion for reconsideration.

On February 20, 2020, Hudson was watching his six-year-old niece K.J. at her grandmother's house.  Later that day, K.J. told her older sister, who in turn told their mother, that Hudson touched her inappropriately.  Police

---

[1] Involuntary deviate sexual intercourse with a child, unlawful contact with a minor, statutory sexual assault, sexual assault, endangering the welfare of a child, corruption of minors, and indecent exposure.  18 Pa.C.S.A. §§ 3123(b), 6318(a)(1), 3122.1(b), 3124.1, 4304(a)(1), 6301(a)(1)(ii), and 3127(a).

charged Hudson in connection with the incident and arrested him the next day. The case proceeded to a non-jury trial.

At trial, K.J. testified that Hudson had walked her up to his bedroom, pulled down her pants and underwear, and licked her vagina. K.J. ran downstairs and then Hudson ran downstairs with his pants off, exposing his "bottom part." K.J. testified that Hudson called her mother to come pick her up. She later told her older sister, who told her mother.

The trial court found Hudson guilty of the above crimes. On September 30, 2022, the court sentenced Hudson to an aggregate term of 8 to 16 years of imprisonment followed by 7 years of probation. Hudson did not file a post-sentence motion.

Hudson timely appealed on October 19, 2022. Hudson's present counsel then entered an appearance. On November 8, 2022, the trial court ordered Hudson to file a concise statement of errors complained of on appeal within 21 days. *See* Pa.R.A.P. 1925(b). Meanwhile, on November 10, 2022, Hudson moved this Court to remand his case to the trial court so that he could file a post-sentence motion "to argue that the verdict entered in the [trial court] is against the weight of the evidence" and preserve a corresponding appellate argument. This Court denied Hudson's remand motion *per curiam* on December 8, 2022, without prejudice for Hudson to raise his issue again in his brief.

In the trial court, Hudson filed a Rule 1925(b) statement on December 9, 2022, challenging the sufficiency of the evidence at all counts. On January

9, 2023, the trial court entered an opinion reasoning that Hudson may have waived his claim by failing to specify which elements of each crime were not proven and that Hudson's credibility-based challenge implicates the weight, not the sufficiency, of the evidence. Trial Court Opinion, 12/9/22, at 2–3. On the merits, the trial court found that K.J.'s testimony that Hudson licked her vagina while he watched her after school and then exposed his genitals was sufficient to establish Hudson's guilt of all relevant crimes. *Id.* at 4–8.

Mindful of this procedural history, we turn to the merits of Hudson's appeal. Because the trial court was able to address the issues in Hudson's untimely Rule 1925(b) statement, we may as well. *See Commonwealth v. Burton*, 973 A.3d 428, 433 (Pa. Super. 2009). Hudson presents two matters for review:

1. Whether there was insufficient evidence to support [Hudson's] convictions for Involuntary Deviate Sexual Intercourse, Statutory Sexual Assault, Corruption of Minors, and all remaining lesser included offenses, where there was no DNA evidence corroborating the alleged child victim's allegations of sexual assault, and the testimony of the Complainant was replete with inconsistencies and falsehoods?

2. [Hudson] respectfully requests that this Honorable Court reconsider its decision to deny [Hudson's] Motion for Remand, where [Hudson's] prior counsel did not file [a] post sentence motion, which precluded [Hudson] from filing [a] meritorious weight of the evidence claim.

Hudson's Brief at 6.

Hudson's first issue concerns the sufficiency of the evidence to support all of his convictions. He notes that testing of swabs collected from K.J. did not detect any male DNA. He also highlights several inconsistencies between

K.J.'s statements before and during trial. K.J. had told her older sister that Hudson licked her when they were downstairs watching a movie and that he took her to the store afterward. K.J. had recounted to her mother an additional exchange with Hudson about having to pee when he licked her. And K.J. had told the forensic interviewer that she was wearing a skirt. However, at trial, K.J. testified that the abuse happened upstairs when she was wearing a shirt, tights, and underwear; she denied watching a movie or going to the store; and she did not mention telling Hudson that she had to pee. Hudson submits that these inconsistencies render K.J.'s testimony insufficient to sustain any of his convictions.

The Commonwealth responds that K.J.'s testimony alone was sufficient to establish Hudson's guilt. It echoes the trial court's reasoning that Hudson's attack on K.J.'s credibility conflates a challenge to the sufficiency of the evidence with an argument about the weight of the evidence.

On a challenge to the sufficiency of the evidence, this Court's standard of review is *de novo* and scope of review is plenary. **Commonwealth v. Neysmith**, 192 A.3d 184, 189 (Pa. Super. 2018). "When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving [that party, here] the prosecution[,] the benefit of all reasonable inferences to be drawn from the evidence." **Id.** (quoting **Commonwealth v. Widmer**, 744 A.2d 745, 751 (Pa. 2000)).

Notably, a court reviewing evidentiary sufficiency does not substitute its own judgment (or a party's judgment) for the judgment of the fact-finder,

including passing on the credibility of witnesses. *Commonwealth v. Palo*, 24 A.3d 1050, 1054–55 (Pa. Super. 2011) (citing *Commonwealth v. Bruce*, 916 A.2d 657, 661 (Pa. Super. 2007)). An argument directed only to witness credibility is therefore a challenge to the weight, not the sufficiency, of the evidence. *Id.* at 1055. In a sufficiency challenge, we recognize that the fact-finder was free to believe all, part, or none of the trial testimony. *Id.*

However, a line of cases (not cited by Hudson) recognizes that some testimony may be "either so unreliable or contradictory as to make any verdict based thereon obviously the result of conjecture and not reason." *Commonwealth v. Farquharson*, 354 A.2d 545, 550 (Pa. 1976) (citing *Commonwealth v. Bennett*, 303 A.2d 220 (Pa. Super. 1973)). In that situation, the evidence is insufficient to allow the Commonwealth to meet its burden of proof. *See id.* at 550–51. For example, when the complainant in a rape case testified at various points in trial to contradict any possible time that the alleged rapes occurred, the evidence was insufficient to support a guilty verdict. *Commonwealth v. Karkaria*, 625 A.2d 1167, 1171–72 (Pa. 1993).

By precedent and statute, a complainant's testimony does not need to be corroborated to constitute sufficient evidence of a sexual offense. *Commonwealth v. Poindexter*, 646 A.2d 1211, 1214 (Pa. Super. 1994) (citing *Commonwealth v. Gabrielson*, 536 A.2d 401 (Pa. Super. 1988)); *see* 18 Pa.C.S.A. § 3106. Further, a lack of DNA evidence does not render the remaining evidence insufficient. *See Commonwealth v. Brooks*, 875

A.2d 1141, 1147 (Pa. Super. 2005) ("In DNA as in other areas, an absence of evidence is not evidence of absence." (quoting **Commonwealth v. Heilman**, 867 A.2d 542, 547 (Pa. Super. 2005))).

Here, Hudson's sufficiency challenge turns on inconsistencies in K.J.'s statements and the lack of DNA evidence. While fundamental inconsistencies in a witness' trial testimony may render that evidence insufficient to sustain a guilty verdict, as in **Karkaria**, such is not the case here. K.J. testified that Hudson licked her vagina on a specific occasion when he was watching her and later exposed his "bottom part" to her. The trial court, sitting as finder of fact, was free to believe this testimony, regardless of the other details that K.J.'s mother and sister and the forensic examiner reported hearing. **Palo**, 24 A.3d at 1055. This holds even despite the lack of corroborating testimony or physical evidence. **Poindexter**, **supra**; **Brooks**, **supra**.

Considering K.J.'s testimony, Hudson licking her vagina meets the relevant definitions for sexual intercourse and deviate sexual intercourse, which include "intercourse per os" (by mouth). 18 Pa.C.S.A. § 3101; **see Commonwealth v. Westcott**, 532 A.2d 1140, 1145–47 (Pa. Super. 1987) (holding "penetration of the vagina by the tongue" meets these definitions). This is the action underlying Hudson's first six convictions. **See** 18 Pa.C.S.A. §§ 3123(b), 6318(a)(1), 3122.1(b), 3124.1, 4304(a)(1), and 6301(a)(1)(ii). And Hudson exposing his genitals as he ran down the stairs after K.J. establishes his seventh, indecent exposure. 18 Pa.C.S.A. § 3127(a). To the extent Hudson wishes to challenge other elements of these offenses, he has

waived his argument by failing to specify which elements he contests. *See Commonwealth v. Williams*, 959 A.2d 1252, 1257–58 (Pa. Super. 2008) (finding a sufficiency challenge waived for failure to articulate which elements were not established at trial).

In sum, the trial court was free to believe K.J.'s testimony, which was sufficient to establish Hudson's guilt for his seven convictions. Hudson's first issue fails.

Hudson's second issue is a request for reconsideration of this Court's denial of his motion to remand. He wishes to file a post-sentence motion in the trial court claiming that the verdict was against the weight of the evidence. Hudson accurately observes that his prior counsel's failure to file a post-sentence motion waived the weight-of-the-evidence claim for appeal. *See Palo*, 24 A.3d at 1055 (citing *Commonwealth v. Mack*, 850 A.2d 690 (Pa. Super. 2004)).

The Commonwealth responds that this matter is really a claim that Hudson's prior counsel was ineffective. Therefore, it submits that it should not be raised on direct appeal but rather in a petition for post-conviction relief.

At this juncture, we will deny Hudson's request. In doing so, we note that the trial court sat as fact-finder. "[I]t would be highly incongruous for a trial judge presiding over a non-jury trial to find her own decision shocks her conscience. . . . [A] judge in a non-jury trial has the dual duties of determining the weight and admissibility of evidence. A trial court sitting as fact-finder is unlikely to find, in response to a post-sentence motion, that it reached a

verdict contrary to the evidence." ***Commonwealth v. Matthews***, No. 125 MDA 2020, 2020 WL 7047114, at \*5 (Pa. Super. Dec. 1, 2020) (non-precedential memorandum) (Strassburger, J., concurring). "Although weight of the evidence claims have been addressed in non-jury cases, there is a logical inconsistency in asking a trial judge to conclude that [her] non-jury decision shocked [her] own conscience." ***Commonwealth v. Wise***, 2022 WL 2442141, at \*5 (Pa. Super. July 5, 2022) (non-precedential memorandum).

Judgment of sentence affirmed. Motion for reconsideration of request to remand denied. Jurisdiction relinquished.


*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 7/26/2023*