J-S20003-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MANNA MASSAQUOI | : | |
| | : | |
| Appellant | : | No. 1598 EDA 2022 |

Appeal from the PCRA Order Entered June 2, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003006-2010

BEFORE:   DUBOW, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED AUGUST 7, 2023**

Appellant, Manna Massaquoi, appeals from the June 2, 2022 order entered in the Philadelphia County Court of Common Pleas dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, as meritless.  After careful review, we affirm.

We summarize the facts and procedural history as follows.  On February 7, 2010, Appellant viciously attacked his then-girlfriend, Maleeka Clark, causing her serious injuries, which required an eight-day hospitalization.  The Commonwealth charged Appellant with numerous offenses arising from the attack.

During the next two and a half years, Appellant received multiple psychological evaluations and extensive mental health treatment before the

_____

[*] Retired Senior Judge assigned to the Superior Court.

trial court ultimately deemed him competent to stand trial. Although Appellant was represented by counsel throughout his pretrial proceedings, he *pro se* filed four motions to dismiss alleging that the Commonwealth was violating his right to a speedy trial pursuant to Pa.R.Crim.P. 600. The trial court did not rule on any of these *pro se* motions.

Appellant's jury trial commenced on July 9, 2012. Relevant to the instant appeal, Ms. Clark testified in detail about the attack and the numerous serious injuries she suffered. She also identified Appellant as the perpetrator. She further testified that she suffers from mental health problems, including schizophrenia, bipolar and multiple personality disorders, and depression.

Philadelphia Police Detective Darryl Pearson also testified. He testified that he was the investigator assigned to Ms. Clark's case and took her statement at the hospital. He also testified that he photographed the crime scene and prepared a diagram of the crime scene that the Commonwealth introduced as evidence.

Appellant, who denied being Ms. Clark's attacker, testified on his own behalf. He testified that, when he arrived at the scene, an unknown man answered the door and punched him in the face. Appellant testified that he returned the punch and the two men proceeded to exchange blows, after which the unknown man ran off. He claimed that after his fight with this man, he noticed Ms. Clark sitting in the snow naked, injured, and bleeding. Appellant denied entering the home where Ms. Clark was assaulted.

On July 16, 2012, the jury convicted Appellant of Aggravated Assault, Possession of an Instrument of Crime, Terroristic Threats, Simple Assault, and Recklessly Endangering Another Person. On April 9, 2013, the trial court sentenced him to 75 to 150 months of incarceration, followed by 5 years of probation. Appellant filed a timely post-sentence motion, which was denied by operation of law on August 12, 2013. Appellant did not file a direct appeal from his judgment of sentence.

On September 28, 2018, the PCRA court reinstated Appellant's direct appeal rights. On November 13, 2019, this Court affirmed Appellant's judgment of sentence.[1] *Commonwealth v. Massaquoi*, 2019 WL 5995452 (Pa. Super. Nov. 13, 2019). On April 29, 2020, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Massaquoi*, 230 A.3d 1021 (Pa. 2020).

On May 22, 2020, Appellant *pro se* filed a PCRA petition raising, *inter alia*, a claim of prosecutorial misconduct and numerous allegations that his trial counsel, Brendan McGuigan, Esquire, had rendered ineffective assistance.

The PCRA court appointed counsel who filed an amended petition asserting that Attorney McGuigan and sentencing counsel, Lawrence J. Bozelli,

---

[1] On direct appeal, Appellant challenged the weight of the evidence generally and the sufficiency of the evidence in support of his Aggravated Assault conviction. Relevantly, this Court found that Appellant had waived his weight of the evidence claim by failing to raise in in his post-sentence motion. Nevertheless, the Court concluded that, even if it were not waived, Appellant's weight claim lacked merit. *Commonwealth v. Massaquoi*, 3183 EDA 2018, 2019 WL 5995452, at *4-5 (Pa. Super. Nov. 13, 2019).

Esquire, had provided ineffective assistance of counsel and an after-discovered evidence claim asserting that a notice he received from the Philadelphia District Attorney's Office pertaining to misconduct allegations against Police Detective Darryl Pearson constituted exculpatory evidence that, if known at the time of trial, would likely have resulted in a different outcome.[2]

On May 11, 2022, the PCRA court issued a notice of intent to dismiss as meritless Appellant's Amended Petition pursuant to Pa.R.Crim.P. 907. Appellant did not file a response to the Rule 907 Notice. On June 2, 2022, the PCRA court dismissed Appellant's petition.

This timely appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

I.   Whether the PCRA court erred in denying Appellant's PCRA petition without an evidentiary hearing on the issues raised in the amended PCRA petition regarding trial counsel's ineffectiveness[?]

   a. Trial counsel provided ineffective assistance of counsel for conducting inadequate pre-trial investigation by failing to [e]nsure that available exculpatory evidence was introduced.

   b. Trial counsel provided ineffective assistance of counsel for failing to object to Appellant's incompetence at the time of trial.

---

[2] On June 24, 2021, the Commonwealth filed a Motion to Dismiss Appellant's Amended PCRA petition. On September 6, 2021, Appellant filed a Supplement to his Amended PCRA petition. On December 9, 2021, the Commonwealth filed a Supplemental Motion to Dismiss.

      c. Trial counsel provided ineffective assistance of counsel for failing to object to [J]udge Kane and [J]udge Beloff's failure to rule on Appellant's multiple *pro se* motion[s] to dismiss pursuant to [R]ule 600.

      d. Sentencing counsel provided ineffective assistance for failing to raise an argument that the weight of the evidence was contrary to the verdict issued in a post-sentence motion.

  II    Whether Appellant is entitled to a new trial based on the newly discovered evidence that would likely change the outcome of the case[?]

Appellant's Brief at 7.

**A.**

Appellant challenges the PCRA court's dismissal of his petition without a hearing as meritless. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014) (quotation marks and citation omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014).

A PCRA petitioner is not automatically entitled to an evidentiary hearing. ***Commonwealth v. Jones***, 942 A.2d 903, 906 (Pa. Super. 2008). "[I]f the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." ***Id.*** We review the PCRA court's decision dismissing a petition without a hearing for an abuse of discretion. ***Commonwealth v. Roney***, 79 A.3d 595, 604-05 (Pa. 2013).

Appellant has raised four claims arising from trial and sentencing counsels' alleged ineffective assistance. In analyzing claims of ineffective assistance of counsel, we presume that trial counsel was effective unless the PCRA petitioner proves otherwise. *Commonwealth v. Williams*, 732 A.2d 1167, 1177 (Pa. 1999). To succeed on a claim of ineffective assistance of counsel, Appellant must demonstrate that (1) the underlying claim is of arguable merit; (2) counsel's performance lacked a reasonable basis; and (3) the ineffectiveness of counsel caused the appellant prejudice. *Commonwealth v. Treiber*, 121 A.3d 435, 445 (Pa. 2015). Appellant bears the burden of proving each of these elements, and his "failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." *Commonwealth v. Daniel*s, 963 A.2d 409, 419 (Pa. 2009).

## B.

In his first issue, Appellant asserts that Attorney McGuigan was ineffective for not conducting a thorough pre-trial investigation, which Appellant alleges would have led to Attorney McGuigan's investigation of exculpatory letters sent to Appellant by the victim and a man who is either a potential exculpatory witness or the actual perpetrator or both. Appellant's Brief at 15-18.

The PCRA court concluded that these claims lacked merit because Appellant: (1) did not submit the allegedly exculpatory letters to the court in violation of Pennsylvania law; and (2) failed to provide the identity and whereabouts of the unnamed man who Appellant alleges was either an

exculpatory witness or the actual perpetrator of the assault. PCRA Ct. Op., 10/4/22, at 3 (citing 42 Pa.C.S. § 9545(d)(1)(i) (requiring a petitioner to submit all documents material to a witnesses' testimony, with certification, to properly verify a claim); ***Commonwealth v. Poindexter***, 646 A.2d 1211, 1216 (Pa. Super. 1994) (explaining that a successful ineffectiveness of counsel claim for failure to investigate witnesses requires identifying the name of a potential witness)).

The record supports the PCRA court's determination. Here, Appellant claims that Ms. Clark sent him letters expressing remorse, but does not provide any support for this assertion and acknowledges in his Brief to this Court that the letters were never introduced into evidence. Moreover, Appellant has not articulated how the letters, if they exist, would have affected the outcome of the case. The PCRA court properly concluded that Attorney McGuigan cannot be deemed ineffective for failing to conduct a pretrial investigation where Appellant has not proven that the allegedly exculpatory letters even exist, let alone that they would have resulted in a different outcome at trial.

Similarly, because Appellant has not identified the man who he believes could be an exculpatory witness or the actual perpetrator of the assault on Ms. Clark, his allegation that Attorney McGuigan was ineffective for not investigating this man as a witness fails. Appellant is, thus, not entitled to relief on his claim that Attorney McGuigan was ineffective for failing to conduct an adequate pre-trial investigation.

## C.

Next, Appellant claims that Attorney McGuigan was ineffective for not objecting to the trial court's ruling that Appellant was competent to stand trial. Appellant's Brief at 18-20.

Our rules of appellate procedure require that an appellant present an argument addressing the lower court's decision underlying his appeal and support his argument with "discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). When an appellant fails to do so, this Court "will not become the counsel for an appellant, and will not, therefore, consider [the] issue[.]" *Commonwealth v. Gould*, 912 A.2d 869, 873 (Pa. Super. 2006) (quotation marks and citation omitted). *See also* Pa.R.A.P. 2101 ("if the defects are in the brief [] of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.").

Appellant has failed to support his argument with citation to the record and to develop it with citation to and discussion of relevant case law. Appellant's failure to develop any legal argument to support his claim that Attorney McGuigan was ineffective in failing to object to the court's competency determination fatally hampers our ability to consider this issue. As a result, we conclude that Appellant has waived this claim.

## D.

Appellant next argues that Attorney McGuigan was ineffective for failing to object to the trial court's neglect in ruling on any of his four *pro se* motions to dismiss. Appellant's Brief at 20-22.

- 8 -

Pursuant to 210 Pa. Code § 65.24, "[w]here a litigant is represented by an attorney before the Court and the litigant submits for filing a petition, motion, brief or other type of pleading in the matter, it shall not be accepted for filing, but noted on the docket and forwarded to counsel of record." **See also** Pa.R.Crim.P. 576(a)(4) (same). "[T]here is no constitutional right to hybrid representation ... at trial[.]" **Commonwealth v. Ellis**, 626 A.2d 1137, 1139 (Pa. 1993). A *pro se* motion filed by a represented defendant is "a nullity, having no legal effect." **Commonwealth v. Nischan**, 928 A.2d 349, 355 (Pa. Super. 2007).

The record reflects that Appellant filed *pro se* motions to dismiss on September 9, 2011, November 17, 2011, February 17, 2012, and May 30, 2012. The record also reflects that each time Appellant filed a *pro se* motion to dismiss he was represented by counsel. Because Appellant was represented by counsel when he filed the motions to dismiss, the motions were legal nullities and Attorney McGuigan would have had no reason to object to the trial court not ruling on them. Accordingly, we agree with the PCRA court that that this claim of ineffective assistance of counsel lacks merit.

### D.

In his final ineffective assistance of counsel claim, Appellant asserts that Attorney Bozelli was ineffective for failing to raise a weight of the evidence claim in his post-sentence motion. Appellant's Brief at 22-25. Specifically, Appellant avers that Ms. Clark's testimony was unreliable and incoherent. **Id.** at 23. He emphasizes that because Ms. Clark has received several mental

health diagnoses for which she did not regularly take her medication, drank past the "point of casual intoxication," admitted she forgets things and that God told her to jump out of the window of the apartment, her testimony was so "untrustworthy as to make it unworthy of supporting the weight of Appellant's convictions." *Id.* Appellant concludes that, because his conviction "went against the weight of the evidence," Attorney Bozelli was ineffective for failing to file a post-sentence motion asserting this claim. *Id.* at 24-25.

In order to obtain relief on a claim that counsel was ineffective for failing to file a post-sentence motion challenging the weight of the evidence, the petitioner "must demonstrate that the verdict was against the weight of the evidence . . . ." *Commonwealth v. Smith*, 181 A.3d 1168, 1186 (Pa. Super. 2018). When there is no merit to the underlying weight-of-the-evidence claim, a PCRA petitioner is not entitled to relief on a claim that trial counsel was ineffective for failing to file a post-sentence motion to preserve the claim for appeal. *Id.* at 1187.

"The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of witnesses." *Commonwealth v. Champney*, 832 A.2d 403, 408 (Pa. 2003) (citation omitted). "This court cannot substitute its judgment for that of the jury on issues of credibility." *Commonwealth v. DeJesus*, 860 A.2d 102, 107 (Pa. 2004).

Appellant essentially challenges the credibility of Ms. Clark and asks that we reweigh the testimony and evidence at trial. As noted above, it is within

- 10 -

the province of the jury to weigh Ms. Clark's testimony. We cannot and will not reweigh the evidence and substitute our judgment for that of the jury. Accordingly, Appellant's weight claim fails.

Attorney Bozelli cannot be deemed ineffective for failing to raise a meritless issue. *See Commonwealth v. Washington*, 927 A.2d 586, 608 (Pa. 2007) (stating that "[c]ounsel will not be deemed ineffective for failing to raise a meritless claim")). Therefore, no relief is due.

**E.**

In his final issue, Appellant claims that the PCRA court erred in finding his after-discovered evidence claim meritless. Appellant's Brief at 25-27. In particular, Appellant notes that he received a November 2, 2020 "packet" from the Commonwealth notifying him that Detective Pearson had been dismissed from the police force in 2004 or 2005 for "numerous infractions and offenses . . . including harassment, misuse of city computers, forgery, threats, and intimidation," but subsequently reinstated pursuant to an arbitration award. *Id.* at 25-26. Appellant contends that, because "the defense in Appellant's trial was credibility[, t]he disclosure packet casts serious doubt on the credibility of [D]etective Pearson[.]" *Id.* at 26. He explains that, if this information had been known to him at the time of trial he would not have used it merely to impeach Detective Pearson but rather that his counsel could have used it to "attempt to show misconduct in Appellant's arrest[,]" likely resulting in a different outcome. *Id.*

To receive a new trial based on after-discovered evidence, a petitioner must satisfy a four-part test requiring the petitioner to demonstrate the [after-discovered] evidence:

> (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

*Commonwealth v. Pagan*, 950 A.2d 270, 292 (Pa. 2008). "The test is conjunctive; the [petitioner] must show by a preponderance of the evidence that each of these factors has been met in order for a new trial to be warranted." *Commonwealth v. Padillas*, 997 A.2d 356, 363 (Pa. Super. 2010). In addition, the after-discovered evidence must be producible and admissible. *Commonwealth v. Small*, 189 A.3d 961, 972 (Pa. 2018).

The PCRA court explained that it found Appellant's claim meritless because "Detective Pearson's misconduct was limited to his involvement in a domestic dispute" and there was no record evidence that Detective Pearson acted improperly in this case.[3] PCRA Ct. Op. at 6-7. The court further opined that "[a]bsent evidence that the [d]etective's conduct may have impacted the instant case, Detective Pearson's unrelated past misconduct alone does not provide enough evidence to order a new trial in this matter." *Id.* at 7 (citing

---

[3] The Commonwealth explained in its Brief to this Court that Detective Pearson was arrested for a domestic incident in 2004. The charges related to that incident were dismissed. Detective Pearson was also charged with making a false statement in a police department investigation and was acquitted in 2007. *See* Commonwealth's Brief at 14.

- 12 -

*Commonwealth v. Foreman*, 55 A.3d 532, 537 (Pa. Super. 2012) (finding that the later filing of criminal charges in an unrelated matter against a detective who had testified in the appellant's gun possession trial did not meet the after-discovered evidence test because the appellant failed to show any nexus between his case and the detective's alleged misconduct in an incident that occurred more than two years after the appellant's conviction). The court, thus, concluded that Appellant failed to demonstrate that the after-discovered evidence would likely result in a different verdict if the court granted Appellant a new trial.

The record supports the PCRA court's factual findings and the PCRA court's legal determination is free of error. Our review confirms that Appellant's claim consists of nothing more than bald speculation that had his counsel known at the time of trial of Detective Pearson's prior misconduct counsel **could** have **attempted** to show that Detective Pearson acted improperly in this case. Appellant does not articulate any nexus between Detective Pearson's alleged misconduct in the unrelated prior cases and Detective Pearson's conduct in his case, and we discern none from our review of the record. Without such a nexus, Appellant cannot establish a reasonable likelihood that the result of his trial would have been different, especially when considering the substantial evidence of Appellant's guilt, including Ms. Clark's detailed testimony about Appellant's criminal actions. This claim, thus, fails.

**F.**

In light of the foregoing, we conclude that the trial court properly determined from the record that no genuine issues of material fact existed as to any of Appellant's claims. Thus, the trial court did not abuse its discretion in declining to hold an evidentiary hearing prior to dismissing Appellant's PCRA Petition. Accordingly, we affirm the order of the PCRA court dismissing Appellant's PCRA Petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/7/2023